**Anita ESTEVES and Julio Esteves, h/w**

v.

**Leroy A. BONDY.**

**Civ.A. No. 98–5200.**

United States District Court,
E.D. Pennsylvania.

Sept. 13, 1999.

Albert J. Olizi, Jr., Taylor, Taylor & Olizi, Philadelphia, PA, for plaintiff.

Frederick C. Fletcher, II, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is Plaintiff's motion for Leave to File an Untimely Demand for a Trial De Novo and the Defendant's opposition thereto. For the reasons to follow, the Court denies the Plaintiff's motion.

### I. BACKGROUND

This matter arises out of a motor vehicle accident that occurred on October 8, 1996. The matter was removed by the Defendant. The Board of Arbitrators awarded Anita Esteves the sum of $75,000, which was docketed on February 19, 1999. Pursuant to Local Rules of Civil Procedure a demand for a trial de novo was required by either party on or before March 22, 1999. *See* Local R. Civ. P. 53.2(7)(A). At some point Plaintiff decided to reject the arbitration award, however, no demand for a trial de novo was made and an Order of Judgement was entered in favor of Plaintiff on March 31, 1999. Plaintiff is now seeking leave to file an untimely demand.

### II. STANDARD OF REVIEW

Rule 53.2(7)(A) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania provides that "[w]ithin thirty (30) days after [an] arbitration award is entered on the docket, any party may demand a trial de novo in the District Court." Local R. Civ. P.

53.2(7)(A). This thirty day period is, subject to enlargement under Federal Rule of Civil Procedure 6(b), which allows the court at its discretion "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect* . . . ." Fed. R.Civ.P. 6(b) (emphasis added).

■ The Third Circuit has defined "excusable neglect" as a demonstration "of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir.1988) (quoting 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1165 (1987)).[1]

## III. *DISCUSSION*

In light of the applicable rules of civil procedure, any enlargement of the Plaintiff's filing deadline of March 22, 1999 must be based upon a finding of "excusable neglect." As articulated by the Third Circuit, such a finding is largely left to the discretion of the district court. Although Plaintiff fails to address its request within the context of "excusable neglect," this Court will nevertheless examine Plaintiff's basis for noncompliance.

■ Plaintiff's Motion for Leave to File an Untimely Demand for a Trial De Novo states that the reason for the failure to file a timely demand was "*solely* due to counsel's understanding that Plaintiff would accept the arbitration award. Consequently, counsel saw no need at the time to demand a Trial De Novo." (Pl.'s Motion for Leave ¶ 10) (emphasis added). This justification fails to state a condition of "excusable neglect." The Plaintiff's subjective decision to reject the arbitration award after the time for appeal expired states no basis for "excusable neglect." Counsel and Plaintiff had a responsibility to fully discuss and evaluate the option of ap-

peal prior to the expiration of the thirty-day period.

Additionally, the Court notes the contradicting justification set forth in the Plaintiff's Memorandum of Law which states that the reason for the untimely filing was "simply caused as a result of counsel's efforts to resolve the matter amicably and in an effort to avoid the need for further hearings upon the matter." (Pl.'s Mem. of Law at 2).

---

**1.** The Third Circuit has enumerated several factors which are relevant to the evaluation of whether excusable neglect has occurred. Those factors included: 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure; 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) counsel's failure to provide for a readily foreseeable consequence; 4) a complete lack of diligence; 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance. Whether the enlargement of time will prejudice the opposing party is also considered. *See Dominic v. Hess Oil V.I. Corp.*, 841 F.2d at 517.