

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# Hamilton v. JC Penney Co Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3676

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hamilton v. JC Penney Co Inc" (2005). *2005 Decisions.* Paper 1417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3676

JOAN HAMILTON;
THOMAS HAMILTON, her husband,

Appellants

v.

J.C. PENNEY COMPANY, INC.

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 02-cv-00167J
(Honorable Gary L. Lancaster)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2005

Before: SCIRICA, *Chief Judge*, ROTH and ALDISERT, *Circuit Judges*

(Filed : March 30, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

The District Court denied Joan and Thomas Hamilton's demand for a trial de novo,

entering the arbitration award as the judgment in the case. We will affirm.

## I.

Appellants Joan and Thomas Hamilton brought a personal injury action against J.C. Penney in state court. J.C. Penney removed and the case was referred to court-annexed arbitration under Western District of Pennsylvania Local Rule 16.2 and 28 U.S.C. § 651. The arbitrator ruled in favor of the J.C. Penney. The award was filed and docketed by the Clerk of Court on May 15, 2003. Appellant mailed a letter to the court on June 17, 2003, which the Clerk of Court docketed on June 19, 2003, as a "demand for trial de novo." On June 26, 2003, J.C. Penney filed a motion to strike the demand for trial de novo. The District Court granted J.C. Penney's motion to strike and entered the arbitration award as the judgment in the case on the basis that the Hamiltons failed to file their request for a jury trial de novo within the required thirty-day time period.

## II.

The District Court had removal jurisdiction based on diversity of citizenship. *See* 128 U.S.C. § 1332(a)(1), 1441(b). We have appellate jurisdiction under 28 U.S.C. § 1291.[1] We review the District Court's striking of appellants' demand for a trial de novo and its entry of the arbitration award as the judgment of the court for abuse of discretion.

---

[1] J.C. Penney argues that we should not exercise jurisdiction over this appeal because a district court's entry of judgment on an arbitration award is not subject to appellate review under 28 U.S.C. § 657(a). We disagree. Section 657(a) does not "bar appellate review of issues that were adjudicated by the court and not by the arbitrator." *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 72 n.2 (3d Cir. 2001). In this case, we review the District Court's order denying appellant's demand for a trial de novo, not the merits of the arbitrator's decision.

III.

Under Western District of Pennsylvania Local Rules 16.2.7 and 16.2.8 and 28 U.S.C. § 657(c)(1), a party may file a written demand for a trial de novo within thirty days after the filing of an arbitration award. When a party makes a timely demand for a trial de novo, the action is restored to the docket of the court and treated as if it had not been referred to arbitration. *See* 28 U.S.C. § 657(c)(2). If no party makes a demand for a trial de novo within the thirty-day period, the arbitration award is entered as the judgment of the court. In this case, the parties do not dispute that appellants failed to make a timely demand for a trial de novo. Appellants' demand was received by the Clerk of Court one day after the deadline, June 17, 2003, and not docketed until three days after the deadline on June 19, 2003. The District Court held that appellants waived their right to a jury trial when they failed to file the demand within the thirty-day time period.

Appellants argue that the District Court erred when it failed to find appellants' actions constituted excusable neglect. J.C. Penney argues that the Hamiltons waived this argument because they failed to raise it before the District Court. We agree with J.C. Penney. After the thirty-day period had expired, appellants could have made a motion to the District Court under Fed. R. Civ. P. 6(b) for an enlargement of time to file its demand for a trial de novo.[2] *See Esteves v. Bondy*, 189 F.R.D. 148, 149 (E.D. Pa. 1999) (noting

---

[2]*See* Fed. R. Civ. P. 6(b) ("When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the

(continued...)

3

that the thirty day period to demand a trial de novo is subject to enlargement under Federal Rule of Civil Procedure 6(b)). Alternatively, appellants could have made a motion under Fed. R. Civ. P. 60(b) to relieve the party, on the basis of excusable neglect, from the District Court's order granting defendant's motion to strike the demand for trial de novo.[3] Appellants pursued neither course of action. Instead, appellants filed only an "Answer to Defendant's Motion to Strike Appeal De Novo," in which appellants claimed both they "complied with the rules" and that the date of filing did not prejudice appellee. Because appellants did not raise the issue of excusable neglect before the district court, we believe they have waived this argument for purposes of appeal. *See Gass v. Virgin Islands Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.") (citations omitted); *see also Chi. Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 370-71 (7th Cir. 1991) (finding Rule 60(b) arguments waived because "[n]o [Rule 60(b)] motion was ever filed, thus depriving the district court of the opportunity to develop a record, review it and then

---

[2](...continued)
court for cause shown may at any time in its discretion . . .upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]")

[3]*See* Fed. R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]).

rule on whether [appellant] deserves relief from the effects of [appellee's] obvious negligence.").

Moreover, appellants' excusable neglect argument lacks any factual basis in the record. Appellants claim the late filing constituted excusable neglect because their attorney was engaged in settlement discussions with appellee on the last day of the appeal period, June 16 , 2003. But, we call appellants' attention to the record, where the appellants represented to the District Court in their "Answer to Defendant's Motion to Strike Appeal De Novo" that those settlement discussions took place on June 17, 2003 – one day after the deadline. Events that occurred after the deadline do not support a finding of excusable neglect.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.