[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2005
THOMAS K. KAHN
CLERK

No. 04-11180
Non-Argument Calendar

_____

D. C. Docket No. 03-00023-CR-CB-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREL JACOBS,
a.k.a. Big D,
a.k.a. DJ Big D,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 23, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v.*

*Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). We previously affirmed Darrel

Jacobs's sentence in *United States v. Jacobs*, No. 04-11180 (11th Cir. December

27, 2004). In that opinion, we affirmed the district court's denial of safety-valve

relief and found no error regarding his *Blakely v. Washington*, 542 U.S. 296, 124 S.

Ct. 2531 (2004), now *Booker*, claim as a result of *United States v. Reese*, 382 F.3d

1308, 1312 (11th Cir., 2004), *vacated,* 397 F.3d 1337 (11th Cir. 2005). On May 2,

2005, the Supreme Court vacated our prior decision and remanded the case to us

for further consideration in light of its decision in *Booker.*

Jacobs was indicted on January 30, 2003, pled guilty pursuant to a plea

agreement on May 22, 2003, and was sentenced on February 17, 2004 – all prior to

the Supreme Court's issuance of *Blakely* and *Booker*. At no point during or prior

to the sentencing hearing did Jacobs raise a constitutional challenge to his sentence

or assert any error based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348

(2000), or its progeny.

Since Jacobs did not preserve *Booker* error in district court, we review for

plain error. *United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir. 2005);

*United States v. Rodriguez*, 398 F.3d 1291, 1297 (11th Cir. 2005). We may not

correct an error that the defendant failed to raise in the district court unless there is

(1) error (2) that is plain and (3) that affects substantial rights and (4) seriously

2

affects the fairness, integrity, or public reputation of judicial proceedings. *Rodriguez*, 398 F.3d at 1297.

Based on the Supreme Court's holding, we have stated that there could be two *Booker* errors: (1) Sixth Amendment error – the error of imposing a sentencing enhancement under a mandatory guidelines regime based on judicial findings that go beyond the facts admitted by the defendant or found by the jury; and (2) statutory error – the error of being sentenced under a mandatory guidelines system. *See Shelton*, 400 F.3d at 1330-31.

There was no Sixth Amendment error in this case because Jacobs admitted in his factual résumé, which was incorporated by reference into his plea agreement, that he was responsible for 1,000 pounds of marijuana. *See United States v. Cartwright*, 413 F.3d 1295, 1300 (11th Cir. 2005); Plea Agreement, Att. Factual Résumé, p. 6-7 ("The parties agree that Jacobs is accountable for 1,000 pounds of the total amount of marijuana distributed in the conspiracy."). On appeal, Jacobs attempts to mutate the language in his plea agreement and his subsequent "Position of Parties" as not admitting this fact. Nevertheless, having reviewed these documents, it is clear that Jacobs admitted his responsibility for 1,000 pounds of marijuana, but reserved the right to contest his involvement in any quantity of cocaine or crack cocaine. *See* Plea Agreement, Att. Factual Résumé, p. 7 ("Jacobs

disputes that he was involved with cocaine or crack cocaine. Jacobs has agreed to allow the Court to determine the disputed drugs for which he is accountable and the relevant amounts of each such substance at the sentencing hearing.").[1] Since Jacobs admitted his responsibility for 1,000 pounds of marijuana, the district court's sentencing enhancement based on the 1,000 pounds of marijuana admission was not Sixth Amendment *Booker* error.

Regarding statutory error, the first two prongs of the plain error analysis are easily met – a sentence under the mandatory guidelines regime is error that was plain because it is sufficient for the error to be plain at the time of appellate consideration. *See Cartwright*, 413 F.3d at 1300. The standard for the third prong is "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in the case." *Rodriguez*, 398 F.3d at 1301. Here, the district court sentenced Jacobs to the lowest possible term of incarceration given his admission that he was responsible for 1,000 pounds of marijuana. Even though the mandatory guidelines recommended a sentencing range of 57 to 71 months, the relevant statutory penalty provision mandated a minimum sentence of 60 months. *See* 21 U.S.C. §

---

[1]Jacobs's sentence did not include any enhancements based on responsibility for cocaine or crack cocaine because the district court found that the government failed to establish that Jacobs was responsible for any amount of cocaine or crack cocaine.

841(b)(1)(B)(vii). Thus, since the district court may not sentence Jacobs below the mandatory minimum statutory sentence, Jacobs cannot meet his burden of proving that there is a reasonable probability of a different result under an advisory guidelines regime.

Accordingly, having now considered Jacobs's sentence in light of *Booker*, we again affirm Jacobs's sentence. Additionally, we reinstate our previous opinion to the extent that it affirmed the district court's denial of safety-valve relief.

**OPINION REINSTATED IN PART; SENTENCE AFFIRMED.**