Robin DOLAN, Plaintiff
below, Appellant,

v.

Maryann D. WILLIAMS, Defendant
below, Appellee.

No. 289, 1997.

Supreme Court of Delaware.

Submitted: Jan. 5, 1998.
Decided: March 6, 1998.

Tiffany Quell Friedman and Curtis J. Crowther (argued), Roeberg Moore & Associates, P.A., Wilmington, for Plaintiff below, Appellant.

Arthur D. Kuhl, Dennis D. Ferri, P.A., Wilmington, for Defendant below, Appellee.

Before VEASEY, C.J., HOLLAND and HARTNETT, JJ.

HARTNETT, Justice.

Appellant, Plaintiff/below, Robin Dolan, appeals from the Order of the Superior Court that dismissed her complaint for personal injuries, pursuant to Superior Court Civil Rule 4(j), because of her failure to have served on Defendant/below, Appellee, Maryann Williams, the complaint within 120 days of its filing. Dolan admits that the complaint was not served on Williams within 120 days of its filing, but contends that good cause exists to excuse the delay. Specifically, Dolan argues that she reasonably believed that service had timely occurred because of Williams' insurer's request to her lawyer not to seek a default judgment. Because we find that good cause exists for the failure of Dolan to have the complaint timely served, we **RE-VERSE** and **REMAND**.

I.

On January 28, 1993, Robin Dolan, while stopped for a red traffic signal, was injured in an automobile accident when Maryann Williams' vehicle struck the rear of her vehicle. Following the accident, Dolan's lawyer and Williams' insurer began to engage in settlement negotiations to resolve amicably the claims resulting from the accident. On January 17, 1995, as the two year statute of limitations period was about to expire, Dolan filed suit in Superior Court against Williams for her alleged personal injuries and directed the Sheriff to serve the complaint on Williams.[1] On February 10, 1995, unbe-

1. Under 10 Del.C. § 8119, an action for alleged personal injuries must be brought within two years of sustaining the injuries.

knownst to Dolan, the Sheriff returned the summons, "non est inventus", ("not found"). Consequently, Williams was never served with the original complaint.

Shortly after the suit was filed, Williams' insurer requested Dolan's attorney not to seek a default judgment. On February 13, 1995, apparently believing that service had been accomplished on Williams, Dolan's attorney sent a letter to Williams' insurer agreeing with the request not to seek a default judgment.[2] Additionally, this letter acknowledged Williams' insurer's offer to settle and pointed out that the insurer's delay in filing an answer permitted a delay in the case moving forward to arbitration, thereby allowing Dolan's attorney more time to obtain medical reports.

On April 2, 1996, the Superior Court sent a routine notice letter to Dolan's attorney advising her that the complaint had been pending in the court for more than six months with no scheduled proceedings, and warned that the complaint would be dismissed, under Superior Court Civil Rule 41(e), for lack of prosecution if proceedings were not initiated within thirty days.[3] Within two weeks of the date of the letter, on April 15, 1996, Dolan's attorney filed an amended complaint adding claims arising from a second November 21, 1994, automobile accident. On May 10, 1996, Dolan sought to have the amended complaint served on Williams, but the Sheriff once again returned the summons, "non est inventus". At this time, Dolan learned that the original complaint had never been served due to an incorrect current address. Dolan then filed a motion on May 17, 1996 to appoint a special process server and the amended complaint was served on May 30, 1996.

Williams filed an answer to the amended complaint alleging four affirmative defenses, including, insufficient process, insufficient service of process, and failure to serve defendant within 120 days as required by Superior Court Rule 4(j). The matter was submitted to arbitration under Superior Court Civil Rule 16.1 and the arbitrator granted Williams' motion to dismiss on May 19, 1997. At a Superior Court *de novo* hearing, held on June 23, 1997, Williams renewed the motion for dismissal.[4] The Superior Court granted Williams' motion and dismissed the action without prejudice.[5] Dolan now appeals that decision.

## II.

The question presented in this appeal is whether the Superior Court committed reversible error in dismissing Dolan's complaint for personal injuries under Superior Court Civil Rule 4(j).

Prior to 1983, the Federal Rules of Civil Procedure contained no time limit for the service of process.[6] A defendant's only recourse was to move under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss the action for failure to prosecute, which required the Court to determine if the plaintiff's failure amounted to a lack of due diligence.[7] In the 1983 amendments to Federal

---

2. The parties agreed at oral argument that Dolan's attorney and Williams' insurer were engaged in conversations regarding the claim prior to the filing of the complaint and that after its filing Dolan had agreed not to pursue a default judgment. While no affidavits of these conversations or communications were offered to the Superior Court, the parties agreed for purposes of this appeal that the February 13, 1995 letter offered by Dolan is a correct indication of these conversations.

3. Under Superior Court Civil Rule 41(e), the Superior Court is instructed to send warning letters to parties in an action which has been pending in the Court for more than six months without any proceedings, and that a dismissal will be taken for lack of prosecution, unless proceedings are initiated within thirty days.

4. Under Superior Court Civil Rule 16.1(h)(1), a party may demand a trial de novo in the Superior Court within 20 days for the filing of the arbitrator's order.

5. Even though the Superior Court's dismissal is without prejudice, Dolan is not free to refile her complaint. Under 10 Del.C. § 8119, an action for personal injuries is barred unless filed within 2 years of the date in which the alleged injuries were sustained. 10 Del.C. § 8119.

6. *Gordon v. Hunt*, S.D.N.Y., 116 F.R.D. 313, 319–20 (1987), *aff'd* 835 F.2d 452 (1987), *cert. denied* 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198.

7. *Id.* In *Gordon*, the court noted that the "due diligence standard depended on two factors: first, whether the delay was 'unreasonable' or 'moderate or excusable,' and second, if the delay

Rule 4, which became effective on February 26, 1983, Rule 4(j) was amended to require that service be accomplished within 120 days of the filing of the complaint. In 1993, Delaware adopted Superior Court Civil Rule 4(j), which is identical to its counterpart in the Federal Rules.[8] Delaware Superior Court Civil Rule 4(j) reads:

> (j) *Summons: Time limit for service.* If a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Under the rule, unless a plaintiff makes a showing of good cause, an action will be dismissed without prejudice if service of the summons and the complaint are not made within 120 days after the filing of the complaint. The rule is not absolutely inflexible, however.[9] By allowing the trial court discretion to permit service beyond the 120 day limit for good cause, the rule seeks to balance the need for speedy, just and efficient litigation with a desire to provide litigants their right to a day in court.[10] In Delaware, public policy favors permitting a litigant a right to a day in court.[11]

While "good cause" is not defined within the rule, it has been interpreted by Federal Courts to require a showing of excusable neglect, by a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."[12] That is, by showing "neglect which might have been the act of a reasonably prudent person under the circumstances."[13]

### III.

■ Dolan concedes that Williams was not served within the 120-day time period required under Rule 4(j). She contends, however, that in dismissing the suit, the Superior Court did not make a determination whether good cause existed for the failure to have had the defendant served within 120 days of the initial filing of the suit, and thereby failed to properly consider her reasons for the delay.[14]

fell into the latter category, whether the delay in service had caused 'actual prejudice' to the defendant." *Gordon,* 116 F.R.D. at 318 (citing *Lyell Theatre Corp. v. Loews Corp.,* 2d Cir., 682 F.2d 37, 42–43 (1982)).

8. In 1993, Rule 4 of Federal Rules of Civil Procedure was amended and Rule 4(m) was adopted which replaced Rule 4(j). Delaware Superior Court Civil Rule 4(j) is identical to the former Federal Rule 4(j).

9. *Braxton v. United States of America,* 3d Cir., 817 F.2d 238, 241 (1987). *See also Dominic v. Hess Oil V.I. Corp.,* 3rd Cir., 841 F.2d 513, 517 (1988).

10. *See* 4A WRIGHT AND MILLER, *Federal Practice and Procedure* § 1137, at 385 (2d ed. 1987).

11. *See* Del. Const., art. I, § 9. *See also Giles v. Rodolico,* Del.Supr., 140 A.2d 263, 267 (1958) (holding that a plaintiff's action was "abated" within the meaning of the Delaware savings statute, then 10 Del.C. § 8117, thereby permitting plaintiff to file a new action within one year and avoiding the harshness of the defense of the statute of limitations); *Battaglia v. Wilmington Sav. Fund Soc.,* Del.Supr., 379 A.2d 1132, 1135 (1977) (recognizing the liberal construction of Superior Court Civil Rule 60, relating to opening default judgments, and noting that the underly-

ing policy of the rule is to favor a trial on the merits).

12. *Dominic v. Hess Oil V.I. Corp.,* 3rd Cir., 841 F.2d 513, 517 (1988) (quoting 4A WRIGHT AND MILLER, *supra,* § 1165).

13. *Cohen v. Brandywine Raceway Assoc.,* Del.Super., 238 A.2d 320, 325 (1968).

14. The issue of whether the Superior Court properly applied Superior Court Civil Rule 4(j) to the undisputed facts is a question this Court reviews for an abuse of discretion. *See* 4A WRIGHT AND MILLER, *supra,* § 1137, at 69 (2d ed. Supp.1997) (stating that the district court's finding of good cause is reviewed for an abuse of discretion). *Cf. Wahle v. Medical Ctr. of Del. Inc.,* Del.Supr., 559 A.2d 1228 (1989) (holding dismissal for plaintiff's failure to timely identify a medical expert reviewable for an abuse of discretion); *Shockley v. Wilmington Medical Ctr.,* Del.Supr., No. 59, 1988, Christie, C.J., 1988 WL 147321 (1988) (reviewing a dismissal for failure to comply with discovery order for an abuse of discretion); *Ayres v. Jacobs & Crumplar, P.A.,* 3rd Cir., 99 F.3d 565 (1996) (reviewing a dismissal for plaintiff's failure to secure a clerk's signature on the summons and to have the court's seal affixed as required under Rule 4 of the Federal Rules of Civil Procedure for an abuse of discretion).

Dolan points out that she, through her attorney, was involved in settlement negotiations with Williams' insurer and her attorney agreed not to seek a default judgment in the belief that the complaint had been served. Further, she contends that the Superior Court sent her attorney a notice letter indicating that the suit had been assigned to a trial judge, thus indicating the complaint has been served, sent a Rule 41(b) letter indicating that no proceedings had been scheduled within a six month period, and did not send a rule 4(j) notice letter indicating that service had not been accomplished within the 120 days.[15]

She argues, based on the totality of these circumstances, that she has shown good cause for the Court to excuse the 120 day service requirement under Rule 4(j). We find that Dolan's attorney acted properly in seeking to have Williams promptly served with the initial complaint, but that she acted imprudently when she did not find out whether the original complaint had been served within 120 days of its filing. We also find that the Superior Court did not sufficiently address whether she had good cause to assume that the complaint had been timely served. Based on her on-going settlement negotiations with Williams' insurer prior to and after the filing of the complaint and the insurer's request not to enter a default, it was excusable neglect for her to have failed to check with the Prothonotary's office to ensure that the summons had been timely served. We, therefore, hold that Dolan has demonstrated sufficient good cause to excuse her failure to obtain service on Williams within 120 days of the filing of her complaint under Rule 4(j).

### IV.

Because we find that sufficient good cause exists to excuse Dolan's failure to comply with the Rule 4(j) requirement of serving the defendant within 120 days of the filing of the

complaint, the ruling of the Superior Court judgment dismissing Dolan's complaint is **REVERSED** and the matter **REMANDED**.

---

**15.** Dolan's argument that she never received a customary Rule 4(j) notice letter is misplaced. First, under the rule, the Court is required to provide notice of a failure to serve a defendant within 120 days of the filing of the complaint only when it seeks dismissal under the rule. Second, while the Prothonotary has started the

practice of sending out notice letters indicating that service has not been accomplished within the 120 days required under Rule 4(j), Dolan concedes that the practice did not commence until August 1, 1995, well beyond the 120 day period after the filing of her complaint on January 17, 1995.