**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| JOHN PEACH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU6-15-001185 |
| | ) | |
| M & T BANK CORP., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FANNIE MAE CORP., | ) | |
| | ) | |
| Defendant. | | |

Submitted January 7, 2016
Decided January 29, 2016

*John Peach, pro se, for Plaintiff*
*Emily K. Devan, Esq., Attorney for Defendants*

## DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF COMMISSIONER'S ORDER AND APPEAL FROM COMMISSIONER'S FINDINGS OF FACT AND RECOMMENDATIONS

On December 23, 2015, Plaintiff John Peach filed an appeal of the Commissioner's decisions to deny Plaintiff's motion for default judgment and to grant Defendants' motion for the enlargement of time. For the reasons discussed below, Plaintiff's motion for reconsideration of the Commissioner's order and appeal from the Commissioner's findings of fact and recommendations are **DISMISSED.**

## Procedural History and Facts

Plaintiff initiated an action against M & T Bank Corp. ("M & T") and Fannie Mae Corp. ("Fannie Mae") on September 16, 2015. Defendants did not file answers to Plaintiff's complaint within 20 days after service of process. Thereafter, on November 25, 2015, Plaintiff filed a motion for default judgment. On that same date, Defendants' attorney filed, *inter alia*, an entry of appearance and a motion for enlargement of time to respond to the Complaint. On December 7, 2015, the Commissioner recommended that Plaintiff's motion for default judgment be denied and Defendants' motion for the enlargement of time be granted. On December 23, 2015, Plaintiff appealed the Commissioner's recommendation.

## Discussion

Court of Common Pleas Civil Rule 112(A)(4)(ii) allows a party to appeal "within 10 days after filing of a copy of a Commissioner's proposed findings and recommendations." The 10-day time period begins running the day after the report is filed and excludes weekends.[1] If an appealing party does not comply with the provisions of Rule 112 the appeal "may be subject to dismissal."[2] The Judge has discretion to shorten or enlarge "the time periods specified" in Rule 112 "for good cause."[3] Good cause requires a showing of excusable neglect.[4] Neglect is excusable if it

---

[1] Ct. Com. Pl. Civ. R. 6(a).
[2] Ct. Com. Pl. Civ. R. 112(B).
[3] Ct. Com. Pl. Civ. R. 112(C). *See also Drysdale v. Noble*, 2003 WL 21140048, at *3, (Del. Super May 12, 2003) (interpreting Super. Ct. Civ. R. 132. The parts of that rule relevant to this case are identical to Ct. Com. Pl. Civ. R. 112. ).

is "neglect which might have been the act of a reasonably prudent person under the circumstances."[5]

In this case, the Commissioner's Report was filed on Monday, December 7. The ten day appeal period commenced on December 8, 2015, and excluded weekends; thus the last day to file the appeal was Monday, December 21. Plaintiff filed on December 23, and has not shown good cause for his delay. Plaintiff's January 19, 2016 pleading is difficult to understand, but the Court will liberally interpret it as a proffered explanation why Plaintiff filed his appeal late. Plaintiff seems to argue his documents should be deemed filed the date they were written or mailed since the use of first class mail, as opposed to electronic filing, results in filing delays. Here is the argument in Plaintiff's own words:

> NOTES: (1) Defendant's [sic] counsel files electronically to the court for instant recognition. Plaintiff files by First Class Mail which results in different mailing and filing delays. THUS, PLAINTIFF uses each documents [sic] "typing- date"[6] as the date shown above. Plaintiffs [sic] Docket dates and Defendants Docked [sic] dates will never agree.[7]

According to Plaintiff's timeline, his appeal of the Commissioner's decision was "filed" on December 22. Thus, even if the Court accepted that Plaintiff "filed" his appeal on December 22, the appeal remains untimely. The ten-day window to appeal closed on December 21. In any event, the appeal must be *actually received* by the last

---

[4] *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998) (citing *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (2d ed. 1987)).

[5] *Id.*

[6] The Court is broadly interpreting "typing-date" to mean either the date the document was written or the date it was mailed.

[7] Plaintiff's Jan. 19, 2016 Opposition to Defendant's Opposition for Reconsideration of Commissioner's Order, and Appeal from Commissioner's Finding of Fact and Recommendations.

day to be timely filed. The date Plaintiff wrote or mailed his appeal to the Court is immaterial.

More importantly, Plaintiff's explanation still does not provide good cause for why he chose to type and/or mail his appeal to the Court late. Without any additional information, the Court does not believe Plaintiff acted in a way that a reasonably prudent person might have given the circumstances.

Thus, dismissal of Plaintiff's appeal is appropriate. Even if the Court were to consider Plaintiff's appeal on the merits, the Court would nonetheless adopt the Commissioner's recommendations to deny Plaintiff's motion for default judgment and to grant Defendants' motion for the enlargement of time.

The Court has the discretion to grant a motion for enlargement of time "after the expiration of the specified period…where failure to act was the result of excusable neglect."[8] Moreover, the Court has discretion to grant or deny a motion for default judgment.[9] "[T]he preference of Delaware courts is to decide cases on their merits. Therefore, public policy requires that any reasonable doubt be resolved in favor of the party opposing the default judgment."[10]

In this case, Defendants have demonstrated excusable neglect. Defendant Fannie Mae could not hire counsel until indemnification issues were resolved.[11] Defendant M & T did not realize it had been served until November 20.[12] Counsel undertook

---

[8] Ct. Com. Pl. Civ. R. 6(b).
[9] *See generally Holmes v. The News Journal Co.*, 2015 WL 1893150, at *2 (Del. Super. Apr. 20, 2015).
[10] *Id.*
[11] Defendants' November 25, 2015 Motion for Enlargement of Time.
[12] *Id.*

representation of both Defendants on November 20.[13] On or about November 21, Defendants' counsel sent a letter of representation to Plaintiff. Plaintiff moved for default judgment on November 25. Counsel responded to Plaintiff's motion for default judgment and filed the motion for enlargement of time the same day. Thus any neglect was excusable, and a *de novo* review of the record would convince the Court that the Commissioner was correct to "liberally construe[] [the Court's] rules in favor of its long-standing preference, and this State's public policy, that cases be determined on their merits."[14]

### Conclusion

For the foregoing reasons, Plaintiff's appeal of the Commissioner's report is **DISMISSED,** and the Commissioner's Recommendation is **ACCEPTED** and entered as the **ORDER** of the Court.

**IT IS SO ORDERED** this _____ day of January, 2016.

_____
Kenneth S. Clark, Jr., Judge

---

[13] *Id.*

[14] Commissioner's Dec. 7, 2015 Report and Recommendation on Plaintiff's Motion for Default Judgment and Defendants' Motion for Extension of Time (citations omitted).