# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NANCY GRIFFITH,                )
                              )
         Plaintiff,           )
                              )
    v.                        )        C.A. No. N16C-08-143 VLM
                              )
WAWA, INC.,                   )
                              )
         Defendant.           )
                              )

Submitted: June 23, 2017
Decided: July 14, 2017

## ORDER

**AND NOW TO WIT**, this 14th day of July, 2017, upon consideration of Defendant Wawa, Inc. ("Wawa")'s Motion to Dismiss, Plaintiff's Motion to Withdraw as Counsel, and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Withdraw as Counsel is **GRANTED** and Wawa's Motion to Dismiss is **GRANTED** for the following reasons:

### Factual and Procedural Background

1. On August 17, 2016, Plaintiff Nancy Griffith ("Ms. Griffith") filed a Complaint alleging Wawa was negligent in maintaining its New Castle, Delaware store in an unreasonably dangerous condition.[1] On or about August 18, 2014, Ms. Griffith, while at Wawa's store, allegedly slipped and fell on a "greasy/slippery

---

[1] *See generally* Complaint, *Griffith v. Wawa, Inc.*, C.A. No. N16C-08-143 VLM, D.I. #1 (Del. Super. Aug. 17, 2016).

spot . . . causing her serious bodily injury. It also caused her to incur medical expenses and/or loss of income."[2] The Complaint states three counts: (1) negligence; (2) vicarious liability; and (3) premises liability.

2. On January 6, 2017, Wawa's counsel entered his appearance and filed a Motion to Dismiss for Failure to Prosecute under Rule 41(e).[3] Wawa argued that the Complaint should be dismissed because, "[o]n December 15, 2016, Plaintiff's 120 day deadline to serve the Complaint expired."[4]

3. On January 12, 2017, a Sheriff's Return was docketed noting that Wawa's registered agent was served with process on January 11, 2017.

4. Wawa then filed this Motion to Dismiss on January 25, 2017, seeking dismissal of the Complaint for failure to comply with Delaware Superior Court Civil Rule 4(j).[5] A briefing schedule was issued on February 2, 2017. Wawa's opening brief was timely filed on February 22, 2017.[6] Ms. Griffith's response brief, which was due on March 15, 2017, was never filed. Wawa wrote to the Court on March 28, 2017 asking this Court to rule on the papers in light of Ms.

---

[2] *Id.* at ¶ 3.

[3] D.I. #3 (Jan. 6, 2017).

[4] *Id.* at ¶ 2.

[5] Defendant's Motion to Dismiss Pursuant to Rule 4(j), D.I. #6 (Jan. 25, 2017) [hereinafter Wawa's Motion].

[6] Defendant's Opening Brief in Support of its Motion to Dismiss, D.I. #8 (Feb. 22, 2017) [hereinafter Opening Brief].

2

Griffith's counsel's failure to respond to the Motion. Before this Court issued a decision on Wawa's Motion, the parties agreed to settle this matter and the Motion was rendered moot.

5.  Despite the putative settlement, the docket reflects a period of inactivity from March 28, 2017 to June 19, 2017. On the latter date, Wawa re-noticed its Motion to Dismiss.[7]

6.  Additionally, after Wawa's Motion was re-noticed, Plaintiff's counsel filed the pending Motion to Withdraw as Counsel.[8] Plaintiff's counsel explains in his Motion that his relationship with Ms. Griffith and the firm he describes as "lead counsel" in this matter has run into a quagmire.[9] Hence, in light of this "material breakdown," Plaintiff's counsel requests this Court grant his Motion to Withdraw as Counsel.[10] Wawa takes no position on this Motion.

7.  This is the Court's decision on Wawa's Motion to Dismiss and Plaintiff's Motion to Withdraw as Counsel.

---

[7] *See* D.I. #11 (June 19, 2017).

[8] Plaintiff's Motion to Withdraw as Counsel, D.I. #12 (June 23, 2017) [hereinafter Motion to Withdraw].

[9] *See id.* at ¶¶ 2-3. Despite Plaintiff's counsel's mention of a "lead counsel" in this matter, no other attorney of record, whether a licensed Delaware attorney or an attorney admitted *pro hac vice*, is reflected on the docket.

[10] *Id.* at ¶ 2.

## Contentions of the Parties

8.     Wawa's Motion to Dismiss argues that Ms. Griffith never issued service of process on Wawa within 120 days of filing the Complaint as required by Rule 4(j). Further, Wawa contends that Ms. Griffith cannot show "good cause and excusable neglect" for her failure to effectuate service on Wawa within the requisite time period. Wawa's counsel states that he twice prompted Ms. Griffith's counsel regarding service of process within the 120-day period, only for these prompts to fall on deaf ears.[11] Moreover, Ms. Griffith never moved for an extension to effectuate service as she could have done during the 120-day period.[12]

## Standard of Review

9.     Rule 4 governs the procedure in this Court for service of process.[13] Rule 4(j) requires the plaintiff serve the defendant with a summons and complaint "within 120 days after the filing of the complaint."[14] However, if the plaintiff cannot effect service of process in that time period, Rule 4(j) permits the plaintiff to show "good cause" for "why such service was not made within that period. . .

---

[11] Opening Brief at 2 & Ex. A.

[12] *See id.* at 6.

[13] *See generally* DEL. SUPER. CT. CIV. R. 4.

[14] Rule 4(j).

4

."[15] If the plaintiff cannot show "good cause," the Court "shall" dismiss the case without prejudice as to that defendant.[16]

10. "Good cause" under Rule 4(j) is synonymous with a showing of "good faith and excusable neglect."[17] "Good faith and excusable neglect" equates to a showing that there is "some reasonable basis for noncompliance within the time specified in" Rule 4(j).[18] Excusable neglect is "neglect which might have been the act of a reasonably prudent person under the circumstances."[19] Public policy in Delaware "favors permitting a litigant a right to a day in court," and this policy is embedded in the discretionary authority Rule 4(j) vests the Court to grant an extension to the 120-day deadline upon a showing of "good cause."[20] However, the absence of prejudice to the defendant is inapposite in this respect because

---

[15] *Id.*

[16] *Id.*

[17] *See DeSantis v. Chilkotowsky*, 877 A.2d 52, 2005 WL 1652640, at *1 (Del. 2005) (TABLE); *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998); *Larimore v. Stella*, 2003 WL 22064107, at *2 (Del. Super. Aug. 29, 2003).

[18] *Dolan*, 707 A.2d at 36 (quoting *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)). *See also Larimore*, 2003 WL 22064107, at *2 (quoting *Franklin v. Millsboro Nursing & Rehab. Ctr., Inc.*, 1997 WL 363950, at *7 (Del. Super. June 10, 1997)).

[19] *Dolan*, 707 A.2d at 36 (quoting *Cohen v. Brandywine Raceway Assoc.*, 238 A.2d 320, 325 (Del. Super. 1968)).

[20] *Id.* (citations omitted).

"[p]roper service of process is a jurisdictional requirement."[21] If the plaintiff fails to show "good faith and excusable neglect," Rule 4(j) permits one singular result: dismissal without prejudice.[22]

### *Discussion*

11.    This Court finds that Ms. Griffith did not serve Wawa with service of process until after the 120-day period expired. The Complaint was filed on August 17, 2016. According to Rule 6(a), the 120-day period began to run on August 18, 2016.[23] This period ended on December 15, 2016. Plaintiff served Wawa on January 11, 2017, nearly one month after the deadline.

12.    Because Ms. Griffith failed to comply with Rule 4(j), she must show "good cause" for why she did not serve Wawa within the requisite time period. Ms. Griffith has failed to respond to Wawa's Motion to Dismiss. Therefore, Ms. Griffith has not shown entitlement to relief from Rule 4(j)'s 120-day period and the Motion must be granted.

13.    Even if Ms. Griffith argued "good faith and excusable neglect," this showing would be insufficient. Wawa's counsel emailed Ms. Griffith's counsel on

---

[21] *DeSantis*, 2005 WL 1652640, at *2.

[22] *See Dolan*, 707 A.2d at 36; *Huelsenbeck v. Fermin-Jimenez*, 2013 WL 2481533, at *2 (Del. Super. June 7, 2013) ("the court has no option but to dismiss the case" where plaintiff's counsel failed to show "good faith and excusable neglect" for failure to effect service of process).

[23] *See* DEL. SUPER. CT. CIV. R. 6(a) (computational method for Superior Court Civil Rules).

two separate occasions during the 120-day period.[24] On November 4, 2016, Wawa's counsel alerted Ms. Griffith's counsel of her failure to serve Wawa. Ms. Griffith's counsel did not respond. On December 5, 2016, Wawa's counsel again prompted Ms. Griffith's counsel regarding the failure to serve Wawa. Ms. Griffith's counsel did not respond. Moreover, Ms. Griffith has never moved to extend the time for service of process—whether before or after the 120-day deadline. As such, even had Ms. Griffith argued "good faith and excusable neglect," this argument would be considerably wanting.

14. The Court next considers Plaintiff's Motion to Withdraw as Counsel. Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct governs the optional withdraw of counsel.[25] Implicitly, Plaintiff's counsel posits his withdraw under Rule 1.16(b)(6) & (7); i.e., that his relationship with Ms. Griffith and "lead counsel" has rendered his continued representation "unreasonably difficult," and Plaintiff and/or lead counsel have unjustifiably failed or refused to communicate with Plaintiff's counsel.[26]

15. After a review of the record and Motion, and in light of the fact that Wawa does not oppose this Motion, the Court finds that "good cause" exists to

---

[24] See Wawa's Motion at ¶ 2 & Ex. A.

[25] See DEL. LAWYERS' R. PROF'L CONDUCT 1.16(b) ("Declining or terminating representation").

[26] See Rule 1.16(b)(6) ("[withdraw is permitted if] the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;"); Rule 1.16(b)(7) ("other good cause for withdrawal exists.").

7

grant Plaintiff's counsel's Motion to Withdraw as Counsel. Accordingly, Plaintiff's Motion is **GRANTED**.

## *Conclusion*

16. Wawa's Motion to Dismiss for Ms. Griffith's failure to comply with Rule 4(j) is **GRANTED**. The Complaint was served after the 120-day period as mandated in Rule 4(j). Ms. Griffith has failed to defend this Motion. Even had Ms. Griffith filed a brief in opposition to the Motion, the record reveals no "good cause" for why service of process was not completed within the 120-day period.

17. Plaintiff's Motion to Withdraw is **GRANTED** for the reasons stated above.

**IT IS SO ORDERED.**

Judge Vivian L. Medinilla

oc: Prothonotary
cc: All Counsel of Record (via e-filing)

8