# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

Progressive Direct Insurance Company )
                                       )
           Plaintiff, )
                                         )
         v.                       )       Case No. CPU4-20-000069
                                         )
Na'Sha Montoya Clarice Landrum )
& Richard L. Hall, )
                                         )
           Defendants.        )

Submitted: December 7, 2020
Decided: January 5, 2021

Geoffrey S. Lockyer, Esq.
2 Penns Plaza Suite 300
New Castle, DE 19720
*Attorney for Plaintiff*

Na'Sha Landrum
1414 Francis Lane
Plainfield, NJ 07062
*Defendant Pro Se*

## MEMORANDUM OPINION DENYING DEFENDANTS MOTION TO DISMISS

**SMALLS, C.J.**

## FACTUAL AND PROCEDURAL HISTORY

This case is before the Court on Na'Sha Landrum's ("Defendant Landrum") motion to dismiss. On January 7, 2020, Progressive Direct Insurance Company, ("Plaintiff"), filed a Complaint against Na'sha Landrum and Richard Hall, ("Defendants"), alleging Defendant Landrum negligently caused a collision while operating Defendant Hall's vehicle.

Following the filing of the Complaint, service was attempted numerous times on Defendant Hall. On January 24, 2020, Defendant Hall refused service from the sheriff and stated that prior to the accident that is the subject of this litigation, he sold the vehicle with the tags intact and the new owners are the responsible parties.

During this time, service was attempted on Defendant Landrum several times at Carrick Court in Middletown, Delaware, but was unsuccessful. Following this attempt, service was attempted again on Defendant Landrum at an address in Newark, Delaware on March 11, 2020 and March 13, 2020. These attempts were also unsuccessful and an occupant of the address stated that Defendant Landrum no longer lived there.

On May 21, 2020, Plaintiff filed a Motion for Enlargement of Time.[1] In the motion, Plaintiff stated it made good faith efforts to effect service on Defendant

---

[1] This motion was filed 14 days after the expiration of the original 120 day time period for service as set forth in Court of Common Pleas Civil Rule 4(j).

1

Landrum. Further, Plaintiff stated they retained a private investigator to located Defendant Landrum and was informed that Defendant Landrum did in fact reside at the Newark, Delaware location. On May 22, 2020, the Court granted Plaintiff's motion.

On June 24, 2020, service was attempted again on Defendant Landrum at the Newark, Delaware address. While attempting service, the deputy sheriff contacted the landlord of the property who advised him that Defendant Landrum did in fact reside at the location. The Summons and Complaint was left in the mailbox.

On September 10, 2020, default judgment was entered against Defendant Landrum in the amount of $13,847.76 for failure to appear. However, on September 30, 2020, Defendant Landrum filed a Motion to Vacate. The Motion stated Defendant did not receive service and did not learn of the lawsuit until September 14, 2020. On October 5, 2020 the Court granted Defendant Landrum's Motion to Vacate.

On November 9, 2020, Defendant Landrum filed an Answer denying the allegations of the complaint and put forth affirmative defenses. Additionally, Defendant Landrum filed a Motion to Dismiss, alleging failure to serve, insufficiency of process, failure to join a party, lack of subject matter jurisdiction, and failure to state a claim.

On December 7, 2020, a hearing was held on the motion. The Court reserved decision on the issue of failure to comply with Court of Common Pleas Civil Rule 4(j), but denied all other arguments raised by Defendant Landrum.

## PARTIES' CONTENTIONS

Defendant Landrum avers that she has still not been properly served and seeks dismissal pursuant to rule 4(j). She argues that Plaintiff did not act diligently in prosecuting it's case and lacked a sense of urgency in effecting service as evidence by the lapse in the 120-day time required for service on May 7, 2020.

Plaintiff responds that because the Court granted its Motion for Enlargement of Time to Perfect Service on May 21, 2020, albeit after the original expiration of the time limit for service, the case should not be dismissed. Plaintiff further argues that they have acted reasonably in attempting to effect service on Defendant and that their delay was not due to willful behavior on their part.

## LEGAL STANDARD

Court of Common Pleas Civil Rule 4(j) provides: "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with

3

notice to such party or upon motion."[2] Further, Court of Common Pleas Civil Rule 6(b) provides that when the rules require an act to be done within a specified amount of time, "the Court for cause shown may at any time in its discretion: (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."[3]

## DISCUSSION

Defendant moves the Court to dismiss the complaint pursuant to Court of Common Pleas Civil Rule 4(j) for failure to effect service within the 120-day time period allotted. Although a case may be dismissed for failure to timely effect service of process, this rule is not absolute as it affords trial courts discretion in permitting service beyond the 120 day limit upon a showing of good cause.[4] By allowing this, the rule seeks "to balance the need for speedy, just and efficient litigation with a desire to provide litigants their right to a day in court."[5]

When reviewing a court's decision to dismiss under rule 4(j), the Delaware Supreme Court interpreted the good cause standard to "require a showing of excusable neglect, by demonstration of good faith on part of the party seeking

---

[2] DE R COM PL CT CIV Rule 4.
[3] DE R COM PL CT CIV Rule 6(b).
[4] *Dolan* v. *Williams*, 707 A.2d 34, 36 (Del. 1998).
[5] *Id.*

4

enlargement and some reasonable basis for noncompliance within the time specified by the rules."[6] Excusable neglect is "neglect which might have been the act of a reasonably prudent person under the circumstances."[7]

Defendant contends Plaintiff was negligent in not making sure she was properly served as required by the rules. Defendant argues that Plaintiff's behavior demonstrated a lack of urgency and due diligence by filing a Motion for Enlargement of Time only after allowing the 120-day service period to expire. Further, Defendant states that she had advised Plaintiff of her current address of 1414 Francis Lane Plainfield NJ, but Plaintiff has still failed to effect service.

Plaintiff argues that the delay in properly serving the Defendant was not a product of willful or negligent behavior on behalf of the Plaintiff. In Plaintiff's original motion for enlargement, Plaintiff stated and the record shows that Plaintiff had made numerous efforts to secure service on Defendant at her last known address, even retaining a private investigator to locate Defendant.

Regarding Defendant's contention that the case should be dismissed because the 120 day period had expired prior to Plaintiff seeking a motion to enlarge, I find this argument has merit but periods of enlargement was modified by the Delaware Supreme Court. Pursuant to the Delaware Supreme Court Administrative Order No.

---

[6] *Id.*

[7] *Mennen* v. *Fiduciary Tr. Int'l of Delaware*, 167 A.3d 507, 512 (Del. 2016)(quoting)(*Dolan* v. *Williams*, 707 A.2d 34, 36 (Del. 1998)).

5-7, due to the COVID pandemic, deadlines in court rules, such as the 120-day rule, that expired between March 23, 2020 and June 30, 2020 were extended through July 1, 2020.[8] Therefore, the deadline for Plaintiff to file a motion for enlargement or effect service on Defendant Landrum was extended to July 1, 2020. As such, Plaintiff's motion to enlarge was timely filed and notably granted by this Court. Accordingly, dismissal on this ground must be denied.

As to Defendant's contention that Plaintiff's non-service of the complaint warrants dismissal, I find that Plaintiff has demonstrated good cause for why service has not been perfected. Since the inception of this litigation, Plaintiff has made multiple attempts to effect service on the Defendant, on multiple occasions, and made multiple efforts to ascertain Defendant Landrum's whereabouts. Therefore, I find that Plaintiff has made a sufficient showing of good cause and the case shall proceed in accordance with Delaware's strong public policy to resolve disputes on the merits and provide litigants their day in court.[9]

---

[8] Delaware Supreme Court Administrative Order No. 5-7.
[9] *Verizon Delaware, Inc.* v. *Baldwin Line Const. Co.*, 2004 WL 838610, at *1 (Del. Super. Ct.).

## CONCLUSION

ACCORDINGLY, Defendant's Motion to Dismiss is DENIED. Plaintiff is order to effect service on Defendant.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge

7