# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SHAUN S. REILLY, SHAUN S. REILLY, as the Administrator of the Estate of KISHA A. REILLY, and MASON C. REILLY, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. N20C-08-163 FWW |
| v. | ) ) | |
| DELAWARE DEPARTMENT OF PROBATION AND PAROLE in its Official Capacity, DAVE TURKO, in his Official Capacity and Individual Capacity, DELAWARE DEPARTMENT OF CORRECTION in its Official Capacity | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: September 1, 2021
Decided: November 16, 2021

*Upon Defendant's Motion to Dismiss*
**DENIED IN PART, MOOT IN PART.**

*Upon Plaintiffs' Motion for Leave to File First Amended Complaint*
**GRANTED.**

## ORDER

Ronald G. Poliquin, Esquire, The Poliquin Law Firm, 1475 S. Governors Avenue, Dover, DE, 19904, Attorney for Plaintiffs.

Patrick M. Brannigan, Esquire, Mark L. Reardon, Esquire, The Eckert Seamans Law Firm, 222 Delaware Avenue, Suite 700, Wilmington, DE, 19801, Attorneys for Defendant Dave Turko.

**WHARTON, J.**

This 16th day of November, 2021, upon consideration of the Motion to Dismiss ("Motion") of Defendant Dave Turko[1] ("Turko") and the Answer and Motion for Leave to File a First Amended Complaint of Plaintiffs Shaun S. Reilly ("Reilly"), Shaun S. Reilly, as Administrator of the Estate of Kisha A. Reilly ("the Estate") and Mason C. Reilly (collectively "Plaintiffs");[2] it appears to the Court that:

1. On August 21, 2020, Reilly brought a *pro se* action against Turko, the Delaware Department of Probation and Parole ("P&P"), and the Delaware Department of Correction ("DOC"), alleging *inter alia* violations of the Delaware Wrongful Death Statute relating to the death Reilly's late spouse, Kisha Reilly.[3] Reilly purported to be acting on behalf of himself, the Estate, and Mason C. Reilly, who was not further identified in the Complaint.[4] On July 1, 2021, Turko moved to dismiss the Complaint pursuant to Superior Court Civil Rules 12(b)(4), 12(b)(5), and 12(b)(6), alleging: (1) insufficiency of process/insufficiency of service of process because Reilly failed to serve Turko with the summons and the complaint within 120 days as prescribed by Superior Court Civil Rule 4(j); (2) Reilly's ineligibility to serve as the administrator of Kisha Reilly's estate due to his conviction of an

---

[1] Def.'s Mot. to Dismiss, D.I. 36.
[2] Plfs.' Ans. and Mot. to Amend., D.I. 53.
[3] Compl., at 1, D.I. 1.
[4] *Id.*

"infamous crime;" and (3) the expiration of the statute of limitations governing wrongful death claims.[5]

2.      Defendants P&P and DOC moved to dismiss separately and also joined Turko's Motion.[6]  On September 1, 2021, after counsel entered his appearance on their behalf, Plaintiffs answered the Motion and moved for leave to file an amended complaint.[7]  On September 2nd, P&P and DOC were dismissed without prejudice by stipulation.[8]

3.      As discussed below, the Court finds good cause for Reilly's failure to serve Turko within 120 days of the filing of the complaint.  The Court also finds the Complaint is not barred by the statute of limitations.  The Court grants Plaintiffs' motion for leave to amend the complaint in the interests of justice.  An amended complaint is expected to clarify Reilly's status as administrator of the Estate and his authority, if any, to represent Mason C. Reilly.  Because the question of  Reilly's capacity to serve as the administrator of Kisha Reilly's estate may be resolved by the Amended Complaint, Turko's motion to dismiss on that basis is moot.  However, after an amended complaint is filed, Turko may renew his Motion to Dismiss if certain specified circumstances then exist.

---

[5] Def's. Mot. Dismiss, at 2.
[6] D.I. 45, 48.
[7] Plfs.' Ans. and Mot. to Amend, D.I. 53.
[8] D.I. 54.

4. Reilly argues that good cause exists for his failure to serve the summons and the complaint within the 120 days provided by Rule 4(j).[9] Specifically, Reilly claims good cause exists because he was an incarcerated *pro se* litigant at the time of filing, Turko's address was incorrect, and he maintained contact with the Court, attempting to move forward with the Court's directives to accomplish service on Turko despite his incarceration and the complaint being filed during the COVID-19 pandemic.[10] Reilly requests a hearing on his eligibility to serve as administrator of the Estate, while the Estate asks for time to substitute another administrator if the Court determines Reilly to be ineligible.[11] Reilly contends that he attempted to file the Complaint prior to the expiration of the statute of limitations and thus, the statute of limitations is no bar.[12] Finally, he seeks leave to file an amended complaint to "add facts, delete facts, add claims and delete potential claims."[13]

5. Superior Court Civil Rules 12(b)(4) and 12(b)(5) deal with motions to dismiss predicated on allegations of insufficiency of process and insufficiency of service of process respectively. Superior Court Civil Rule 4(j) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was

---

[9] Plfs.' Ans. and Mot. to Amend, D.I. 53.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

4

> not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The purpose of the good cause exception is to allow the Superior Court to seek balance between a need for "speedy, just and efficient litigation with a desire to provide litigants their right to a day in court."[14] "Good cause" requires a showing of "excusable neglect" by demonstrating "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."[15] An act of neglect is one in which a reasonably prudent person may act under specific circumstances.[16] When determining if an act of "neglect [is] 'excusable,' all surrounding circumstances may be considered."[17] If a plaintiff did not complete service within 120 days but has made "all possible efforts to comply with Rule 4," excusable neglect may exist.[18] Additionally, a trial court is not obligated to "sacrifice the orderly and efficient administration of justice to

---

[14] *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998) (Also holding that Delaware public policy favors a litigant's right to a day in court.).
[15] *Id.*
[16] *Id.*
[17] *Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011).
[18] *Franklin v. Millsboro Nursing & Rehab. Ctr., Inc.*, No. CIV. A. 95C11008, 1997 WL 363950, at *7 (Del. Super. Ct. June 10, 1997) (citing *Wass v. Calloway, De. Super.*, C.A. No. 94C-11-010, Ridgely, P.J. (Feb. 21, 1996) (Court found excusable neglect where plaintiffs' efforts had been diligent and the failure of service was attributable to a genuine inability to locate defendant); *see also*, *Furches v. Gibson,* Del. Super., C.A. No. 91C-10-034, Graves, J. (November 2, 1993).

accommodate an unrepresented plaintiff."[19]  A court "may grant *pro se* litigants some accommodations that do not affect the substantive rights of those parties involved in the case at bar."[20]

6.      The record shows that the Complaint was accepted for filing on August 21, 2020.[21]  Prior to the expiration of 120 days, Reilly communicated with the Prothonotary by letter dated December 11, 2020 and docketed on December 17th, inquiring about service of process and advising about difficulties prosecuting the matter due to COVID-19.[22]  The Prothonotary wrote back advising him that its Civil Administrative Department had sent him a notice of non-conforming documents on August 21, 2020 regarding summonses and sent him copies of blank summonses.[23] Reilly submitted summonses on January 7, 2021.[24]  On April 13, Reilly wrote requesting to know the status of service.[25]  The next docket entry shows writs were issued on April 14th.[26]  Service on Turko was returned *non est* on April 19th with a notation that he no longer lived at that address.[27]  Another writ was returned *non est*

---

[19] *Draper v. Med. Ctr. of Delaware*, 767 A.2d 796, 799 (Del. 2001).
[20] *Alston v. State*, No. CIV.A. 01C-09-030WLW, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).
[21] Compl., D.I. 1.
[22] D.I. 12.
[23] D.I. 13.
[24] D.I. 14.
[25] D.I. 15.
[26] D.I. 15.
[27] D.I. 17.

for Turko on April 27th.[28]  On May 18th the Prothonotary received a praecipe and summons for another address for Turko.[29]  Turko was served on May 24th.[30]  When taking into account all of the attendant circumstances, including Reilly's status as a *pro se* litigant, his incarceration, including difficulties occasioned by COVID-19, his regular contact with the court and the apparent absence of any effect on Turko's substantive rights, the Court finds good cause for the failure to serve Turko within 120 days due to Reilly's excusable neglect.  Therefore, Turko's Motion to Dismiss based on insufficiency of process/insufficiency of service of process is **DENIED.**

7.    Turko also moves to dismiss under Rule 12(b)(6).  A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[31] The Court's review is limited to the well-pled allegations in the complaint.[32]  In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[33]  Dismissal is warranted "only if it appears with reasonable

---

[28] D.I. 20.
[29] D.I. 22, D.I. 23
[30] D.I. 27.
[31] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[32] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[33] *Id.*

7

certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[34]

8.  Turning to Turko's statute of limitations argument, the Court finds the Complaint is not time-barred by the two-year statute of limitations governing wrongful death claims.[35]  The Delaware Code provides, "[n]o action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action."[36]  Kisha Reilly died on August 3, 2018.[37] The Superior Court has held a rejection of a hard copy paper filing by the Prothonotary is irrelevant for statute of limitation purposes.[38]  On July 21, 2020, the Prothonotary, by a Notice of Non-Conforming Documents form, gave Reilly notice that his original complaint was rejected due to a lack of a completed praecipe.[39]  Because the original complaint was offered for filing prior to July 21, 2020, the filing was within the two-year statute of limitations time-period.  Turko's Motion to Dismiss based on the statute of limitations is **DENIED.**

---

[34] *Id.*
[35] 10 *Del. C.* § 8107.
[36] *Id.*
[37] Compl., D.I. 1.
[38] *Bryant ex rel. Perry v. Bayhealth Med. Ctr., Inc.*, 937 A.2d 118, 122 (Del. 2007).
[39] Pl. Ans. and Mot. to Amend, D.I. 53.

8

9.      Turko argues Reilly is barred from acting as the administrator of the Estate due to his conviction of Criminal Racketeering, Conspiracy to Commit Criminal Racketeering, and Possession of a Firearm During the Commission of a Felony.  He does not challenge Reilly's ability to proceed on his own behalf, or apparently, on behalf of Mason C. Reilly.[40]  He relies upon 12 *Del. C.* § 1508 which provides that "[l]etters testamentary, or of administration shall not be granted … to a person convicted of a crime disqualifying the person from taking an oath."  Further, "[e]very executor or administrator shall take and subscribe an oath[.]"[41]  Finally, Article II, § 21 of the Delaware Constitution states, "[n]o person who shall be convicted of embezzlement of the public money, bribery, perjury or other infamous crime, shall be … capable of holding any office of trust, honor or profit under this State. In Turko's view Reilly's convictions constitute "infamous crimes" disqualifying him from serving as the administrator of the Estate.  If the Court determines that Reilly is prohibited from serving in that capacity, Plaintiffs propose that the Estate be given time to substitute a proper administrator.[42]

---

[40] Reilly has not identified Mason C. Reilly in the Complaint, nor has he alleged by what authority he, as a *pro se* litigant, purports to bring suit on Mason C. Reilly's behalf.

[41] 12 *Del. C.* § 1509.

[42] Plfs.' Ans. and Mot. to Amend., D.I. 53.

10. Accompanying the Answer to the motions to dismiss is a Motion to Amend.[43] The Court agrees with Plaintiffs that permitting the filing of an amended complaint is in the interests of justice. An amended complaint should serve to clarify Reilly's status administrator of the Estate.[44] It also should address the identity of Mason C. Reilly, to the extent he remains a plaintiff. Accordingly, Plaintiffs' Motion to Amend is **GRANTED** and, therefore, Turko's Motion to Dismiss based Reilly's ineligibility to serve as the administrator of the estate of Kisha Reilly is **MOOT.**

11. Upon the filing of an amended complaint, Turko may renew his Motion to Dismiss based on the statute of limitations if: (1) an estate was opened with the Register of Wills for Kisha Reilly and Reilly was not granted letters of administration; or (2) no estate for Kisha Reilly was opened with the Register of Wills prior to the expiration of the statute of limitations. Turko also may move to dismiss based on the statute of limitations if Mason C. Reilly remains a plaintiff in an amended complaint. He may renew his Motion to Dismiss based on Reilly's ineligibility to serve as the administrator of the Estate if a claim is brought in an

---

[43] *Id.*

[44] The Complaint names Reilly as the administrator of the Estate, but it is not clear to the Court that he actually is the Estate's administrator, or even if an estate has been opened with the Register of Wills. Reilly entered his guilty pleas and was sentenced on April 10, 2017. Kisha Reilly died on August 3, 2018. Thus, he was incarcerated at the time of her death. The Court would be interested to know how he was able to obtain letters of administration under those circumstances.

10

amended complaint by him in that capacity. If no timely amended complaint is filed, Turko may renew his Motion to Dismiss as specified in this paragraph.

**THEREFORE**, Defendant Dave Turko's Motion to Dismiss is **DENIED IN PART and MOOT IN PART,** with leave to renew subject to the conditions stated in this Order.

Plaintiffs' Motion to Amend is **GRANTED.** An amended complaint shall be filed no later than 30 days from the date of this Order.


**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.