**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ROBERT BOVELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-10-240 CLS |
| ALLSTATE INSURANCE, BRIANNA | ) | |
| HERNANDEZ-CUEVAS, | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted: September 17, 2025
Date Decided: December 8, 2025

## <u>ORDER</u>

Having considered Defendant Allstate Insurance's Motion to Dismiss[1] and Plaintiff's Opposition to Defendant's Motion to Dismiss,[2] it appears to the Court that:

1. This case stems from a motor vehicle accident on October 20, 2022, between Robert Bovell ("Plaintiff") and Briana Hernandez-Cuevas ("Ms. Hernandez-

---

[1] *See generally* Defendant's Motion to Dismiss, D.I. 27 ("MTD").
[2] *See generally* Plaintiff's Opposition to Defendant's Motion to Dismiss, D.I. 29 ("Resp. to MTD").

Cuevas").[3]  On October 17, 2024, Plaintiff filed the instant Complaint against Ms. Hernandez-Cuevas and her insurance company, Allstate Insurance ("Allstate").[4]

2. Allstate was served by Sheriff on July 8, 2025.[5]

3. Allstate moved for dismissal on September 11, 2025, arguing that Plaintiff failed to serve Allstate within the time limit for service under Superior Court Civil Rule 4(j).[6]

4. Plaintiff asks the Court to deny Allstate's motion to dismiss because Allstate previously "argued the same issue in reference to the timeline," and a copy of the Complaint was mailed to Allstate.[7]

5. Rule 4(j) states that service of the summons and complaint must be "made upon a defendant within 120 days after filing the complaint[.]"  If the plaintiff "cannot show good cause [for] why service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."[8]

6. Here, Allstate was not served within 120 days of the filing of the Complaint. The Complaint was filed on October 17, 2024.  Plaintiff had until February 14, 2025

---

[3] The facts are drawn from the allegations in the Complaint.  *See* Complaint ¶ 4, D.I. 1 ("Compl.").

[4] *See generally* Compl.

[5] *See* Sheriff's Return, D.I. 26.

[6] MTD at 1.

[7] *See* Resp. to MTD.

[8] Super. Ct. Civ. R. 4(j).

to serve the summons and Complaint upon Allstate but did not do so until July 8, 2025. Consequently, Plaintiff must show good cause for untimely service.

7. "Good cause" requires a showing of "excusable neglect, by a 'demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"[9] In other words, "by showing 'neglect which might have been the act of a reasonably prudent person under the circumstances.'"[10]

8. For example, in *SGH Capital SA v. ESOS Ventures, LLC*, this Court declined to find good cause when justified by informal settlement attempts and the defendant's knowledge of the suit within the 120-day period.[11] In *Doe v. Catholic Diocese of Wilmington, Inc.*, the plaintiff's inaction for 119 days after filing the complaint did not constitute excusable neglect.[12] Similarly, in *Agyeman v. Epic-Africa Foundation*, this Court concluded that good cause did not exist where "counsel was aware that process had not been served in the required time period, but waited until after the deadline to take any definitive action to ensure service was made."[13]

---

[9] *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998) (quoting *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)).

[10] *Dolan*, 707 A.2d at 36 (quoting *Cohen v. Brandywine Raceway Assoc.*, 238 A.2d 320, 325 (Del. 1968)).

[11] 2025 WL 3174942, at *2 (Del. Super. Nov. 12, 2025).

[12] 2010 WL 2106181, at *2 (Del. Super. May 26, 2010).

[13] 2024 WL 2375109, at *4 (Del. Super. May 22, 2024), *aff'd*, 338 A.3d 1270 (Del. 2025).

9. By comparison, in *Dolan v. Williams*, the Delaware Supreme Court found good cause where the plaintiff's attorney acted diligently and promptly after mistakenly believing the complaint was served.[14] This Court also found good cause in *Viars v. Surbaugh* because the plaintiff "left no stone unturned in searching for" the defendant's new address.[15]

10. Like *SGH Capital SA*, *Doe*, and *Agyeman*, the Court finds that Plaintiff fails to meet his burden to show good cause for the delay in effecting service on Allstate. Although Plaintiff claims that Allstate received a copy of the Complaint when Ms. Hernandez-Cuevas was served, that it is insufficient to constitute excusable neglect. Plaintiff properly served Ms. Hernandez-Cuevas within two weeks of filing the Complaint.[16] Plaintiff, however, did not attempt to serve Allstate until more than six months later. Given that Plaintiff promptly served Ms. Hernandez-Cuevas and has been actively participating in the litigation, the Court cannot conclude on this record that Plaintiff made a diligent and good faith effort to serve process on Allstate. Moreover, Allstate's knowledge of the suit does not cure untimely service of process.

11. Additionally, Mr. Bovell's claim that Allstate is arguing the "same issue in reference to the timeline" is incorrect for two reasons. First, Ms. Hernandez-

---

[14] 707 A.2d at 37.

[15] 335 A.2d 285, 288 (Del. Super. 1975).

[16] *See* Sheriff's Return, D.I. 11.

Cuevas—not Allstate—filed a motion to dismiss for failure to file within the statute of limitations.[17] Second, Allstate's motion for improper service under Rule 4(j) pertains to the procedural requirement for serving a summons and complaint on each defendant, while the statute of limitations serves as a time-bar to the claim itself.

12. For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss under Rules 12(b)(5) for improper service of process under Rule 4(j). The dismissal is **WITHOUT PREJUDICE** as provided by Rule 4(j).


**IT IS SO ORDERED.**


*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.

---

[17] *See generally* Defendant Briana Hernandez-Cuevas' Motion to Dismiss, D.I. 13.