841 F.2d 513
 10 Fed.R.Serv.3d 1246
 Leonard DOMINIC
v.
HESS OIL V.I. CORP.
HESS OIL V.I. CORP., Deft. Third Party Plaintiff,
v.
COMMUNICATIONS SYSTEMS & MAINTENANCE CORP., Third Party Defendant.
Appeal of The SHELL COMPANY (PUERTO RICO) LTD.
 Nos. 86-3795, 87-3032.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 9, 1987.
Decided March 10, 1988.
Rehearing and Rehearing In Banc Denied April 4, 1988.
 
 Joseph Bruce Wm. Arellano. (argued), Anthony Steven Murry, Carol Ann Rich, Campbell and Arellano, Charlotte Amalie, St. Thomas, U.S. V.I., for appellant.
 Thomas Alkon (argued), Gordon C. Rhea, Alkon and Rhea, Christiansted, St. Croix, U.S. V.I., for appellee.
 Before GIBBONS, Chief Judge, and STAPLETON and MANSMANN, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 In this personal injury/products liability action, the defendant Shell Company raises numerous issues in its effort to reverse a jury award in favor of the plaintiff Leonard Dominic. We find no merit in Shell's contentions and will affirm the entry of judgment on the verdict. We write specially on the issue of service of process because we find that the district court did not abuse its discretion by permitting Dominic additional time in which to complete service of process. We will reverse on the sole issue of the award of expert witness fees.
 
 I.
 
 2
 Leonard Dominic was employed for approximately one week at the Hess Oil Virgin Islands Refinery. His job at the refinery was to clean outdoor pipes with a solvent called methyl ethyl ketone ("MEK"). After several days' labor, Dominic alleged that he became ill from the solvent, lost consciousness and suffered neurological damage and/or post-traumatic stress disorder due to these events. The solvent was supplied to Hess Oil Virgin Islands by the Shell Company.
 
 
 3
 Dominic filed a complaint against Hess Oil which was later amended to assert his claim against the Shell Company. He then settled his differences with Hess Oil and proceeded to trial against Shell. A jury awarded Dominic $575,000, of which 85% or $488,780 was attributable to Shell, and judgment was entered in that amount.
 
 
 4
 On this appeal, Shell raises a number of issues including procedural problems regarding service of process and more substantive concerns regarding Shell's demand for a judgment n.o.v., requested jury instructions, admission of expert witness testimony and other evidence, alleged error regarding the Restatement of Torts (Second) Sec. 402(A) claim, and the granting of the plaintiff's motion for expert witness fees. We perceive no merit in the majority of these and reject them without textual discussion.[1] We address here only the issues concerning service of process and the expert witness fees.
 
 II.
 
 5
 Shell asserts as error the district court's denial of its motion to dismiss based on insufficiency of process and insufficiency of service of process. We will affirm the district court's denial of this motion. We write here to note our affirmance in view of the district court's discretion in this matter.
 
 
 6
 When Dominic first filed his complaint against Hess Oil on July 9, 1984, he named a John Doe Corporation as co-defendant, on grounds of strict liability. Hess Oil cross-claimed against Shell in April, 1985 on an indemnity agreement and Dominic was granted leave on April 25, 1985, to substitute Shell for the John Doe Corporation. Dominic then filed an amended complaint on May 2, 1985, which was served on Shell by certified mail on May 24, 1985, without summons or complaint.
 
 
 7
 In response Shell filed a Motion to Dismiss based on insufficiency of process and insufficiency of service of process based on Dominic's failure to serve Shell properly with the summons or copies of a notice and acknowledgement conforming to Fed.R.Civ. P. 4(c)(2)(C)(ii).[2] That rule requires the service of both summons and complaint, together with proper acknowledgement forms, to be mailed to the person to be served. Shell argued as well that the service was in violation of Fed.R.Civ.P. 4(j),[3] regarding the 120 day time limit for service. In conjunction with the Motion to Dismiss, Shell submitted the affidavit of Francisco A. Forteza, the Managing Director of Shell, and its designated agent for service of process. The affidavit confirmed that Shell had received Dominic's amended complaint on May 24, 1985. While agreeing that service was deficient as required under Rule 4, the district court nonetheless granted Dominic the opportunity to show cause why the complaint should not be dismissed.
 
 
 8
 Dominic responded by arguing that once Hess Oil had brought Shell in as a third party defendant under Fed.R.Civ.P. 14, Dominic's service of an amended complaint upon Shell was all that was necessary to effectuate the assertion of a claim over a third party defendant. Dominic asserted that prior to service of the amended complaint, Shell was already subject to the court's jurisdiction because of Hess Oil's service of its cross-complaint.[4]
 
 
 9
 Dominic also asserted "excusable neglect" due to confusion in the law over how to assert properly a claim over a third party defendant. Finally, he pointed out that Shell had suffered no prejudice due to the alleged improper service.
 
 
 10
 The district court concluded that Dominic had failed to follow the requirements of either Fed.R.Civ.P. 4(c)(2)(C)(ii) or Rule 5(b) if treating the amended complaint as a subsequent pleading. Rule 5 controls the service and filing of pleadings and other papers.[5] Rules 5(b) requires:
 
 
 11
 (b) Same [Service]: How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein,; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing.
 
 
 12
 The court noted that it would not apply Rule 5(b) to this case because Shell's attorney appeared in the Hess Oil action at about the same time that the amended complaint was mailed to Shell.
 
 
 13
 However the court determined that the incomplete service was due to confusion in the law as to whether service of a summons pursuant to rules 4(c)(2)(C)(ii) and 4(j) is required of a plaintiff who asserts a claim against a recently joined co-defendant over whom the court already has jurisdiction. Therefore, although under Rule 4(j) service should be completed within 120 days the deadline may be enlarged at the discretion of the court pursuant to Rule 6(b), and since there was no prejudice to Shell, justice would best be served by enlarging the time for service. Accordingly, Dominic was granted time in which to complete service of process. Service was effectuated on March 25, 1986.
 
 
 14
 We review the district court's grant of an extension of time in which to serve process under an abuse of discretion standard. Braxton v. United States of America, 817 F.2d 238, 242 (3d Cir.1987).
 
 
 15
 Many of our previous decisions regarding Rule 4(j) have strictly construed the rule and we have been reluctant to reverse the denial of an extension of time. Certain precepts have evolved in considering this rule. For instance in Green v. Humphrey Elevator and Truck Co., 816 F.2d 877 (3d Cir.1987), though we affirmed a dismissal under Rule 4(j), we noted that the legislative history concerning subsection (j) indicated a strong congressional intent to provide defendants with actual notice of claims against them. Id. at 879. Similarly, in Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3d Cir.1987), we pointed out that while a delay in service of process will not be countenanced for lack of diligence or inadvertence by counsel, good cause might be shown if the defendant intentionally evades service of process.
 
 
 16
 We perceive no abuse of discretion in the district court's extension of time in which to effectuate service of process properly in this case. It is undisputed that Shell was aware not only of the existence of Dominic's claim, but of its specific allegations, since Shell had received the amended complaint naming it as a defendant. Moreover, Dominic was faced with a statute of limitations problem which would be eliminated through an extension of time to serve process. There is nothing in the record indicating a lack of diligence or inadvertence by counsel leading to the delay which occurred in this case. There was thus no abuse of discretion in the district court's extension of time.
 
 
 17
 In Braxton, 817 F.2d 238, we noted that the time limit in Rule 4(j) is not absolutely inflexible, and that while "good cause" is not defined by the rule itself, it should require at least as much as would be required to show excusable neglect. Id. at 241. The circumstances here illustrate an example of excusable neglect, a situation over which the district court has discretion to enlarge the time for service under Fed.R.Civ.P. 6(b). Excusable neglect "seems to require a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Wright & Miller, Federal Practice and Procedure, Sec. 1165 (1987).
 
 
 18
 In Consolidated Freightways Corporation of Delaware v. Larson, 827 F.2d 916 (3d Cir.1987), we commented upon the excusable neglect standard in the context of Fed.R.App.P. 4(a), which governs notices of appeal. In that case we enumerated factors which are relevant to the evaluation of whether excusable neglect has occurred. Those factors included: 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance. Consolidated Freightways, 827 F.2d 916, 919. Moreover, we also consider whether the enlargement of time will prejudice the opposing party. Coady v. Aguadilla Terminal, Inc., 456 F.2d 677 (1st Cir.1972).
 
 
 19
 Applying these factors, we cannot find that the district court abused its discretion. Shell certainly cannot complain of undue prejudice since it learned of the existence of Dominic's claim as well as the theory and facts upon which it was grounded when Hess Oil served Shell with the original complaint together with Hess Oil's claim for indemnification. Moreover, on May 20, 1985 Shell specially appeared before the district court at approximately the same time as the amended complaint was filed. Thus no prejudice adhered to Shell.
 
 
 20
 We similarly find none of the other factors which which would militate against excusable neglect to be applicable in this case. We will, therefore, affirm the district court in this regard.
 
 III.
 
 21
 Shell argues that the district court erred in awarding $10,000 in expert witness fees to Dominic's witnesses. Dominic argues in response that requests for costs beyond the statutory scheme are permitted under Fed.R.Civ.P. 54(d) in that the district court has discretion to award such fees if they are necessary to the litigation.
 
 
 22
 The recent case of Crawford Fitting Company v. J.T. Gibbons, Inc., --- U.S. ----, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), is dispositive of this issue. In that case, the Supreme Court clearly held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of [28 U.S.C.] Sec. 1821, absent contract or explicit statutory authority to the contrary." Id., 107 S.Ct. at 2496. The Court reasoned that 28 U.S.C. Sec. 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority to tax costs found in Fed.R.Civ.P. 54(d). One of the items enumerated in Sec. 1920 is the witness fee set by 28 U.S.C. Sec. 1821 at $30/day. A federal court may tax expert witness fees in excess of $30 per day only when the witness is court-appointed. The Court then held that the discretion afforded by Rule 54(d) is "solely a power to decline to tax, as costs, the items enumerated in Sec. 1920." Id. at 2498.
 
 
 23
 We find, therefore, that the district court erred under the clear mandate of Crawford. The taxation of expert witness fees as costs may not exceed the $30 per day limit set in 28 U.S.C. Sec. 1821.
 
 IV.
 
 24
 We therefore will reverse the judgment of the district court insofar as it related to the award of expert witness fees, and remand for proceedings consistent with this opinion. We will affirm the entry of judgment in all other respects.
 
 
 
 [1]
 We address briefly Shell's other contentions. Shell's request for a judgment notwithstanding the verdict must be reviewed to determine whether reasonable minds could differ on the issue presented. Due to the contradictory evidence presented at trial we find no error in the denial of this motion. We assess jury instructions to determine whether, viewed as a whole, the issues were fairly and adequately presented to the jury. Our review reveals no abuse of discretion by the district court in this regard. Shell contests as well the qualification of Dominic's expert witness, and the admission of certain testimony by that expert. We find no abuse of discretion pursuant to Fed.R.Evid. 702 relating to the expert's qualification nor to the factual basis upon which his testimony was based. We also find no abuse of discretion regarding the introduction into evidence of a data sheet on MEK or the report of Dr. Payne. Shell further asserts that Dominic failed to prove his physical injury and that mental disturbance alone is not compensable under Restatement of Torts 2d Sec. 402A. Our review of the record satisfies us that it supports the jury's assessment of Dominic's physical ailment and resultant emotional problems
 
 
 [2]
 (C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule--
 ....
 (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18-A and a return envelope, postage prepaid addressed to the sender. If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).
 Fed.R.Civ.P. 4(c)(2)(C)(ii).
 
 
 [3]
 Fed.R.Civ.P. 4(j) provides in relevant part:
 (j) Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 
 
 [4]
 Although Dominic labeled Hess Oil's action a third party defendant action, in fact Hess Oil was granted leave to cross-claim against Shell under Fed.R.Civ.P. 13
 
 
 [5]
 Rule 5(a) provides:
 (a) Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.