The HOME INSURANCE
CO., Plaintiff,

v.

The LAW OFFICES OF JONATHAN
DEYOUNG, P.C., et al.,
Defendants.

No. CIV. A. 97–1659.

United States District Court,
E.D. Pennsylvania.

June 15, 2001.

Arthur W. Lefco, Kristine M. Maciolek, Laura Reed, Cozen and O'Connor, Philadelphia, PA, for Plaintiff.

John L. Walfish, Walfish & Noonan, Norristown, PA, Pro se.

John J. Koresko, V, Baldwin, Renner, Clark & Koresko, King of Prussia, PA, Pro se.

John J. Koresko, V, Baldwin, Renner, Clark & Koresko, King of Prussia, PA, for Elva Hoisington.

### MEMORANDUM AND ORDER

EDUARDO C. ROBRENO, District Judge.

AND NOW, this 13th day of June, 2001, it is hereby **ORDERED** that defendant's motion for extension of time to file notice of appeal (doc. no. 99) is **DENIED.** The court's order is based on the following reasoning:

On August 1, 2000, the court granted plaintiff's motion for summary judgment and entered judgment in favor of plaintiff and against defendants. *See* doc. no. 89. One of the defendants, Elva T. Hoisington, timely filed a motion for reconsideration of the court's decision, but neglected to file a brief in support of her motion, in violation of Rules 7.1(c) and 7.1(g) of the Local Rules of Civil Procedure.[1] Following a hearing on the motion for reconsideration, the court denied the motion on the alternative grounds that: (1) there was no " 'sound rationale' for departing from the plain language of the Local Rules of Civil Procedure;" and (2) the motion failed on its merits. *See* doc. no. 95. The court's denial of the motion for reconsideration was filed on September 15, 2000.

Defendant Hoisington filed a notice of appeal of the court's denial of the motion for reconsideration. The filing was made on October 17, 2000, one day after the deadline for Hoisington to file her notice of appeal. *See* Fed. R.App. Pro. 4(a) (allowing parties 30 days after the judgment or order appealed to file a notice of appeal).

Before the court is Hoisington's motion for an extension of time to file a notice of appeal so that her notice of appeal will be deemed timely filed.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure grants district courts the authority to extend the time for the filing of a notice of appeal if: (1) the party seeking to appeal files a motion no more than 30 days after the deadline for filing its notice of appeal passes; and (2) the party shows excusable neglect or good cause. *See* Fed. R.App. Pro. 4(a)(5). In this case, Hoisington filed her motion for an extension of time on November 14, 2001, *see* doc. no. 99, within the 30 day time period after the deadline for filing its notice of appeal under Fed. R.App. Pro. 4(a)(5)(i). The question thus presented is whether Hoisington has shown excusable neglect or good cause, and, if so, whether the court should exercise its discretion to extend the filing time as Hoisington requests.

Because defendant Hoisington's apparent rationale is not easy to follow, it is set out in full:

7.  John J. Koresko, V., Counsel for Hoisington, was not in his offices from Wednesday, September 13, through Friday, September 28, 2000, because he was presenting tax seminars and meeting with business associates in Georgia, Oregon, California, Nebraska, Illinois, and Florida.

8.  On or about Friday, September 15, 2000, the resignation of Mr. Koresko's assistant became effective.

9.  On or about Monday, September 18, 2000, a new assistant for Mr. Koresko began her employment. Said new assistant resigned on or about Tuesday, September 19, 2000.

---

1.  Defendants filed a brief in support of its motion on August 18, 2000, one week after the deadline for filing the motion for reconsideration. *See* doc. no. 91.

10. On or about Wednesday, September 20, 2000, a new parttime [sic] assistant was retained.

11. By telephone call on Wednesday, September 20, Mr. Koresko advised his new parttime [sic] assistant to calendar the order of September 13, 2000, for appeal within thirty (30) days from the filing date.

12. The parttime [sic] assistant calendared the appeal for thirty (30) days from the date she filed the document in counsel's offices, as October 20, 2000.

13. Mr. Koresko was not in his offices from Friday, October 6, through Monday, October 23, 2000, because he was presenting tax seminars in Florida, Alabama, Oregon, and New Jersey.

14. On or about October 13, 2000, by telephone, Mr. Koresko directed staff [sic] to file a Notice of Appeal in accordance with Rule 4(a), F.R.A.P.

15. Said Notice of Appeal, dated October 13, 2000, was filed and docketed on October 17, 2000.

16. Mr. Koresko believed the Notice of Appeal was timely filed, having never seen the Order itself.

17. The Notice of Appeal should have been filed on or before Sunday, October 15, 2000.

Def.'s Mot. for Extension of Time at 2. As the court understands defendant Hoisington's version of the facts, counsel instructed a newly hired part-time assistant of uncertain credentials, experience, and without training, to calendar an appeal to be taken "within thirty (30) days from the filing date." *Id.* at ¶ 11. Throughout the period of time the appeal was to be filed, counsel was out of the office "presenting tax seminars" and did not insure that his telephone directive to his new "part-time" assistant was duly carried out. Based on counsel's own recitation, it is plain that counsel never reviewed the order from which the appeal was taken, did not direct his "newly hired part-time assistant" to calendar the appeal for a specific date, and did not confirm that his directive concerning calendaring of the appeal was duly carried out.

■ Defendant Hoisington's unverified factual averments,[2] even if true, do not meet the standard of excusable neglect. A court should examine all of the circumstances surrounding a party's neglect in determining whether the neglect is excusable. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *In re Cendant Corp. Litig.,* No. 00–2185, 2001 WL 487903, at *12 (3d Cir. May 9, 2001). The Third Circuit has identified some of the factors relevant to this inquiry: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) whether the movant acted in good faith; (5) whether the inadvertence reflected professional incompetence such as ignorance of the rules of procedure; (6) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; and (7) whether the neglect resulted from a complete lack

---

2. Defendant Hoisington's statements of fact are recited in her motion but are not supported by affidavit. This failure to support her factual averments by affidavit is sufficient to find that defendant Hoisington has failed to satisfy her burden of showing good cause or excusable neglect. *Cf. Radich v. Goode,* 886 F.2d 1391, 1396 (3d Cir.1989) (holding that a plaintiff's failure to file an affidavit, as opposed to facts averred in a legal brief, failed to satisfy procedural rule requiring the filing of an affidavit).

of diligence. *See Cendant,* 2001 WL 487903, at \*12 (citing *Pioneer Inv.,* 507 U.S. at 395, 113 S.Ct. 1489, and *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir.1988)). Although in this case the delay in filing the appeal was only one day, and arguably the non-movant was not prejudiced, application of all the other *Cendant* factors compel a finding that the neglect was not excusable.

■ First, Mr. Koresko did not miss the deadline because of circumstances outside of his control. Mr. Koresko acknowledges that he never received the order for which the appeal was taken, failed to instruct his "part-time newly retained assistant" as to the date by which an appeal had to be filed, and thereafter failed to confirm that his instruction had been duly carried out. Allowing an assistant of unknown credentials, experience, and training to determine the specific date by which an appeal must be filed and then failing to supervise the new hired assistant so as to insure that the appeal was indeed timely filed reflects carelessness of a high degree on the part of counsel.

Second, the missed deadline for filing the notice of appeal was the second consecutive deadline that Mr. Koresko missed in this case. Mr. Koresko had violated Local Rule of Civil Procedure 7.1 by failing to file a brief in support of his motion for reconsideration only two months prior to missing the notice of appeal deadline. This repeated disregard for the court's procedural rules bespeaks at a minimum of lack of diligence and at worst of bad faith.

Third, a finding that Mr. Koresko's neglect was not excusable only prejudices Mr. Koresko, and not any client whose interests he represents, because Mr. Koresko was assigned the rights in this mat-ter of Elva T. Hoisington, a named defendant, as part of a settlement between Mr. Koresko and Ms. Hoisington of a suit filed by Mr. Koresko against Ms. Hoisington in the Court of Common Pleas of Montgomery County. *See* doc. no. 103 (describing the terms of the settlement). Therefore, this is not a case where a failure to find inexcusable neglect punishes the client for the lawyer's error.

Upon consideration of the totality of circumstances concerning defendant's neglect, the court finds that: (1) the delay was caused by counsel's own conduct wholly within his control; (2) the reason given for the delay was unsatisfactory and is not verifiable; and (3) the judicial proceedings were delayed as a result of the neglect. Accordingly, the court finds that the neglect at issue was not excusable.[3]

For the reasons stated above, defendants' motion for an extension of time to file a notice of appeal is denied.

**AND IT IS SO ORDERED.**

---

**3.** Mr. Koresko does not argue that he had good cause for missing the deadline under Fed.R.App.Pro. 4(a)(5).