**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

THE BANK OF NEW YORK MELLON    )
F/K/A THE BANK OF NEW YORK, AS    )
TRUSTEE (CWABs 2006-SD2    )
        Plaintiff,    )
                  )
      v.    )    C.A. No. N16L-08-119 ALR
                  )
JEFFRY S. PEARSON    )
THE UNITED STATES OF AMERICA    )
        Defendant.    )

Submitted: August 18, 2017
Decided: August 23, 2017

***Upon Plaintiff's Motion for Enlargement of Time***
**GRANTED**

## ORDER

This is a mortgage foreclosure action involving property located at 806 North Madison Street, Wilmington, Delaware ("Property"). According to Plaintiff, on October 25, 2005, Defendant Jeffry S. Pearson ("Defendant Pearson") executed and delivered a Mortgage for the Property in favor of Best Rate Funding Corp. which assigned its interest in the Mortgage to the Bank of New York, as Trustee, who in turn assigned its interest in the Mortgage to the Bank of New York Mellon ("Plaintiff").

On August 21, 2016, Plaintiff filed a Complaint against Defendant Pearson alleging that Defendant Pearson failed to pay monthly installments on the Mortgage.

Plaintiff alleges that Plaintiff informed Defendant Pearson that Plaintiff intended to accelerate the balance owed on the Mortgage if arrearages remained unpaid.

Plaintiff requests the principal sum remaining on the Mortgage ($95,172.39), in addition to interest, late charges and legal fees. In his Answer, Defendant stated a general objection and an affirmative defense of lack of personal jurisdiction for failure to effect service of the Complaint within 120 days, as required by Superior Court Civil Rule 4(j).

Plaintiff filed the Motion for Enlargement of Time for Service of Complaint ("Motion"). Although Plaintiff concedes that Plaintiff did not properly serve process within the 120 days required under Rule 4(j), Plaintiff contends that there is good cause to excuse Plaintiff's failure. Specifically, Plaintiff requests an extension of time until January 17, 2017, the date on which service was accomplished. Defendant Pearson opposes Plaintiff's Motion. On July 18, 2017, the parties appeared for a hearing on Plaintiff's Motion and the Court considered argument. Thereafter, the parties supplemented the record.

Upon consideration of Plaintiff's Motion and Defendant Pearson's opposition thereto; the facts, arguments, and legal authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional precedent; and the entire record in this case, the Court hereby finds as follows:

1.      Service of process is required within 120 days after a complaint is filed. Superior Court Civil Rule 4(j) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

2.      A showing of "good cause" under Rule 4(j) requires Plaintiff to demonstrate "good faith and excusable neglect" for the failure to comply with the 120-day time limit.[1]  Consistent with Delaware's policy in favor of decisions on the merits,[2] Rule 4(j) seeks to "balance the need for speedy, just and efficient litigation with a desire to provide litigants their right to a day in court."[3]

3.      "While 'good cause' is not defined within [Rule 4(j)], it has been interpreted by Federal Courts to require a showing of excusable neglect, by a 'demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"[4]

---

[1] *Larimore v. Stella*, 2003 WL 22064107, at *2 (Del. Aug. 29, 2003).
[2] *See Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013) (citing *Tsipouras v. Tsipouras*, 677 A.2d 493, 496 (Del. 1996)) (noting the public policy in favor of trials on the merits); *Waterhouse v. Hollingsworth*, 2013 WL 5803136, at *3 (Del. Super. Oct. 10, 2013) ("Delaware has a strong public policy favoring resolution of cases on their merits.").
[3] *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998); *see Wass v. Calloway*, 1996 WL 190020, at *3 (Del. Super. Feb. 21, 1996).
[4] *Dolan*, 707 A.2d at 36 (quoting *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)).

Excusable neglect is "neglect which might have been the act of a reasonable prudent person under the circumstances."[5]  In contrast, failure to perfect service as a result of mistake, inadvertence, or "half-hearted" efforts does not qualify as excusable neglect.[6]

4.  Plaintiff claims that the failure to perfect service within the 120-day deadline was the result of excusable neglect and relies upon Superior Court Civil Rule 6(b), which provides in relevant part:

> When by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion … (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect …

5.  The Complaint was filed on August 21, 2016.  The 120-day deadline expired on December 19, 2016.  It is not disputed that service of process was accomplished on Defendant Pearson on January 17, 2017, which is more than 120 days after the Complaint was filed.[7]

---

[5] *Id.* (citing *Cohen v. Brandywine Raceway Assoc.*, 238 A.2d 320, 325 (Del. Super. 1968)).

[6] *Wass*, 1996 WL 190020, at *3 (citing *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987)).

[7] The United States of America is also a Defendant in this action in connection with federal tax liens on the Property.  On September 15, 2016, process was served on Defendant the United States of America who has not appeared in the action.

6. The Court finds that Plaintiff made diligent efforts to accomplish service within the time specified by Rule 4(j):

- On October 3, 2016, the Sherriff's Office filed an affidavit of service indicating eight unsuccessful attempts to serve process on Defendant Pearson at the Property.

- On November 10, 2016, Plaintiff filed an Alias Praecipe with respect to Defendant Pearson and provided an alternative business address for service of process in Philadelphia, Pennsylvania.

- Two alias writs were issued by the Prothonotary on December 6, 2016, almost a full month after they were requested.

- The Sheriff returned service non-est with respect to Defendant Pearson attempted on December 27, 2016, which were docketed on January 18 and 19, 2017.

- Plaintiff understood that service was accomplished under the long-arm statute at a Philadelphia business address on January 9, 2017. Plaintiff filed an Affidavit of Service on January 10, 2017 indicating that Defendant Pearson was successfully served process by registered mail at the alternative Philadelphia address. A signed return receipt indicating completion of service on January 9, 2017 was attached as "Exhibit B" to Plaintiff's Affidavit. However, Defendant Pearson

5

contends that the address used for service in Philadelphia was not a good address for him. According to Defendant Pearson, when he practiced law in Pennsylvania, he had a business address at 1800 John F. Kennedy Boulevard, Suite 300- #19 whereas an individual accepted service of process at 1800 John F. Kennedy Boulevard, Suite 1900.

- On January 17, 2017, notice of the foreclosure action was posted on the Property.

7. Service was accomplished at least by January 17, 2017, after expiration of the 120 days on December 19, 2016, pursuant to Super. Ct. Civ. R. 4(f)(4) which provides:

> In actions begun by scire facias, 2 returns without service of 2 consecutive writs, being the original writ and an alias writ, followed by a certification by the sheriff that he has posted a copy of the alias writ on the subject property and has mailed a copy of the alias writ by both certified mail, return receipt requested, and first class mail to the last known address (as stated in the praecipe) of the defendants, shall constitute legal and sufficient service.

8. The record in this case demonstrates that Plaintiff's efforts have been diligent. Plaintiff has demonstrated excusable neglect by persistent attempts to serve Defendant, issuing of several writs, and filing of the Motion to extend the time for service.[8]

---

[8] *See Wass*, 1996 WL 190020, at *3–4.

9. Defendant Pearson's reliance on *Doe v. Catholic Diocese of Wilmington* to support his jurisdictional objection is misplaced. The plaintiff in *Doe* did not take *any* steps to effect service on the defendant until the day before the 120-day deadline expired.[9] The Court held that plaintiff did not make "all possible efforts" to comply with Rule 4(j) let alone make a diligent effort.[10] In contrast, Plaintiff in this case made reasonable and diligent efforts to perfect service on Defendant and has demonstrated good cause for the lack of timely service. Defendant also relies upon *Anticaglia v. Benge*,[11] which is also distinguishable. The plaintiff in *Anticaglia* knew that the defendant was not served but still took no action for almost five months, well after the 120-day deadline expired.[12] Here, on the other hand, Plaintiff was unable to timely perfect service on Defendant despite genuine and persistent efforts. This is not a case where no action was taken after the first attempt at service failed. Moreover, Plaintiff missed the 120-day deadline by twenty-nine days, not several months.

10. For the reasons discussed, the Court finds that Plaintiff made diligent efforts to serve Defendant within 120-days and that the failure to do so was the result of excusable neglect.

---

[9] *Doe v. Catholic Diocese of Wilmington, Inc.*, 2010 WL 2106181, at *1 (Del. Super. May 26, 2010).
[10] *Id.*
[11] *Anticaglia v. Benge*, 2000 WL 145822, at *1 (Del. Super. Jan. 20, 2000).
[12] *Id.*

7

**NOW, THEREFORE,** this 23rd day of August, 2017, Plaintiff's Motion for Enlargement of Time for Service of Complaint is hereby **GRANTED** and time for service is hereby enlarged through January 17, 2017.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**