IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CATHERINE M. WOINSKI, :
        : C.A. No. K18C-09-027 WLW
    Plaintiff, :
        :
v.       :
        :
ANDREW C. EMERSON,  :
        :
    Defendant. :

Submitted: April 12, 2019
Decided: May 2, 2019

**ORDER**

Upon Defendant's Motion to Dismiss.
*Granted.*
Upon Plaintiff's Motion for Enlargement of Time.
*Denied.*

Douglas B. Catts, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Plaintiff.

Timothy S. Martin, Esquire and Christopher S. Marques, Esquire of White and Williams LLP, Wilmington, Delaware; attorneys for Defendant.

WITHAM, R.J.

## INTRODUCTION

Before the Court is Defendant, Andrew C. Emerson's (hereinafter "Defendant") Motion to Dismiss pursuant to Superior Court Civil Rules 12(b)(5) and 4(j) and Plaintiff Catherine M. Woinski's (hereinafter "Plaintiff") Motion for Enlargement of Time pursuant to Superior Court Civil Rules 4(j) and 6(b).

After considering the parties arguments, including those made at the oral argument, and the record, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. This case involves a personal injury cause of action that stems from an automobile accident that occurred on October 4, 2016. On that date, the Plaintiff was traveling west on Old Orchard Road near Lewes, Delaware. As she passed Parker Lane, the Defendant, driving a rental vehicle, was stopped at the intersection of Parker Lane and Old Orchard Road. As he entered into the intersection he struck the Plaintiff's vehicle.

2. At the scene, the Defendant represented his address to law enforcement as 1676 Hunters Run, Lewes, Delaware, 19958, which was recorded on the Uniform Collision Report.[1] Despite claiming a place of residence in Lewes, the Defendant produced an United Arab Emirates drivers license[2] and an international driver's

---

[1] Pl. Reply to D. Mot. to Dismiss (hereinafter "Pl. Reply") at ¶ 2.

[2] *See* Pl. Ex. A (The Plaintiff's driver's license is listed on the Uniform Collision Report as United Arab Emirates No. 198176.).

license.[3]

3. On March 2, 2017, approximately three months later, the Plaintiff, through counsel, attempted to contact the Defendant at the 1676 Hunters Run address via mail sent through the United States Postal Service.[4] The letter was returned to the Plaintiff as an insufficient address.[5]

4. The Court is unaware of any further actions taken by the Plaintiff to locate the Defendant between March 2, 2017 and September 24, 2018.

5. On September 25, 2018, the Plaintiff filed the present personal injury action against the Defendant in this Court within the applicable statute of limitations for personal injury as provided for in Section 8119, Title 10 of the Delaware Code.[6] The Plaintiff had until January 23, 2019 to serve the Defendant the summons and complaint issued by this Court.[7]

---

[3] At oral argument, Plaintiff's counsel explained to the Court that the Defendant also produced an International Driver's License. An International Driver's License must be accompanied by a valid driver's license from the granting state or country in order for it to be valid. One can not have one without the other.

[4] Pl. Reply at ¶ 2.

[5] *See* Pl. Ex. A.

[6] 10 *Del. C. § 8119* provides, in pertinent part, that no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained. The Plaintiff appears to have satisfied the statue of limitations with approximately a week to spare.

[7] *See* Super. Ct. Civ. R. 4(j) (hereinafter "Rule 4(j)"). Rule 4(j) entitled Summons: Time Limit for Service, provides:
If a service of the summons and complaint is not made upon a defendant within 120 days

6. Due to the known discrepancy regarding the Defendant's disclosed address in 2016 that resulted in a returned letter in 2017, the Plaintiff recorded the Defendants' address on the praecipe and summons issued by this Court as 22694 Dupont Boulevard, Georgetown, Delaware, 19947. An Enterprise Rent-A-Car (hereinafter "Enterprise") is located at this address and is believed to be the agency that rented the car the Defendant was driving at the time of the accident.[8]

7. Service of process was returned non-est on October 15, 2018.[9]

8. On November 5, 2018, the Plaintiff, in her continued attempts to serve the Defendant, filed a Motion for Special Process Server. The motion was granted by this Court on November 7, 2018.[10] That same day, the Plaintiff filed an amended summons and praecipe that were granted on November 13, 2018.[11]

9. After the amended summons and praecipe were issued, neither Brode or

---

after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

[8] *See* Pl. Ex. B.

[9] See Pl. Ex. C *(*The Defendant was not known or employed by Enterprise.).

[10] Mr. Harold K. Brode (hereinafter "Brode") and Mr. Douglas Booker (hereinafter "Booker") were appointed as special process servers.

[11] *See* Amended Praecipe and Summons, November 13, 2018 (Order). In the amended summons and praecipe, however, the Plaintiff still noted the 22694 Dupont Boulevard address as the address of the Defendant, despite the fact that she knew the Defendant had some connection with the United Arab Emirates.

Booker attempted to serve the Defendant at 22964 Dupont Boulevard,[12] but rather, on December 19, 2018, Booker unsuccessfully attempted to serve the Defendant at the address, but did confirm the 22964 Dupont Boulevard address was fictitious.[13] The next day, December 20, 2018, Booker further discovered: (1) no public records in Delaware referenced the Defendant; (2) the Defendant had no Delaware driver's license; and (3) the Defendant had not registered a vehicle in Delaware.[14]

10. Those were the Plaintiff's last recorded actions attempting to locate the Defendant until April 4, 2019. The Plaintiff also did not return to this Court between November 13, 2018 and February 21, 2019 to seek additional aliases, pluries, or amended summonses, despite her unsuccessful efforts to locate the Defendant. However, on April 4, 2019, eight days before the hearing regarding the Defendant's motion, the Plaintiff served a duces tecum to Enterprise. Additionally, on April 16, 2019, four days after the hearing regarding the Defendant's motion, the Plaintiff served another duces tecum to Aloft Aero Architects, formally known as "Pat's." Pat's was a business in Georgetown, Delaware where the Defendant might have worked as an independent contractor at the time of the accident in 2016.

11. The Defendant, through counsel, filed his Motion to Dismiss on February

---

[12] *See* Pl. Reply at ¶ 8.

[13] *Id.*

[14] *Id.*

5

13, 2019, 141 days after the Plaintiff filed her complaint.[15]

12.  The Plaintiff filed her response, in opposition, on February 21, 2019 and also moved for an Enlargement for Time, pursuant to Superior Court Civil Rule 6(b) (hereinafter "Rule 6(b)"), in the event that the Court found that the amended summons and praecipe did not reset the 120 day service of process.[16]

13.  The Plaintiff filed a separate Motion for Enlargement of Time subsequent on March 7, 2019.[17]

14.  After not initially requiring a hearing regarding the Defendant's motion, and upon review of the parties' contentions and the record, the Court reconsidered and scheduled the hearing held on April 12, 2019 and reserved decision.

## PARTIES' CONTENTIONS

15.  The Defendant argues that the Plaintiff's claim must be dismissed because service was not made within the 120 day service requirement pursuant to Rule 4(j).[18] The Defendant contends that 120 day service requirement expired on January 23, 2019 and that the Plaintiff cannot show *good cause* for failure to file for a timely

---

[15] *See* Docket, *Catherine M. Woinski v. Andrew C. Emerson*, No. K18C-09-027 WLW. For the first time, the Plaintiff, and the Court for that matter, was put on notice that the Defendant was represented by counsel as defense counsel failed to file an entry of appearance.

[16] Pl. Reply at ¶¶ 14-15.

[17] *See* Pl. Mot. for Enlargement of Time (This was more than likely filed because the Court had not addressed the motion to dismiss and/or Plaintiff's response to that motion by March 7, 2019.).

[18] D. Mot. at ¶ 5 (citing Super. Ct. Civ. R. 4(j)).

6

enlargement.[19]

16. The Plaintiff, in opposition, argues that she has been unable to locate the Defendant, despite numerous attempts.[20] She concedes that while the 120 day service requirement concerning the September 25, 2018 complaint expired on January 23, 2019, but nevertheless asserts that she acted on a good faith belief that the amended summons and praecipe granted on November 13, 2018 restarted the 120 day clock for service and did not expire until March 7, 2019.[21] In the alternative, the Plaintiff argues that the Court exercise its discretion and grant an enlargement of time.[22] Finally, and for the first time at the hearing, the Plaintiff's counsel argued excusable neglect on his part.

## LEGAL STANDARDS OF REVIEW

17. A motion to dismiss will not be granted if the "plaintiff may recover under

---

[19] *Id.* at ¶¶ 5-6.

[20] Pl. Reply at ¶¶ 4, 6, 9, 13.

[21] Pl. Reply at ¶ 12. *See also* Pl. Reply Ex. E (Plaintiff submits that an email from the Court, dated March 27, 2018, *approximately six months before its case was filed*, and asserts "conformance" with the Plaintiff's belief that the 120 day service clock had been reset because of the amended praecipe and summons.)(emphasis added)).

[22] The Plaintiff's first mention regarding a Motion for Enlargement of Time was as part of its response to the Defendant's Motion to Dismiss as an alternative, if the Court found that the 120 day service of process requirement was not satisfied by the Plaintiff. Pl. Reply at ¶¶ 14-15. The Plaintiff's second mention regarding a Motion for Enlargement of Time came as a formal motion filed on March 7, 2019. March 7, 2019 is the date that the Plaintiff contends is the new established deadline for service of process because the Court issued an amended summons and praecipe. *See* Pl. Mot. for Enlargement of Time.

any reasonably conceivable set of circumstances susceptible of proof under the complaint."[23] The Court's review is limited to the well-pled allegations in the complaint.[24] In ruling on a Rule 12(b) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[25] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[26]

18. However, when a motion to dismiss is filed on grounds of insufficient service of process, the standard of review becomes narrower. Rule 4(j) provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the plaintiff cannot show good cause why service was not made within that time period, the action *shall be dismissed* as to that defendant without prejudice.[27]

19. Public policy in Delaware "favors permitting a litigant a right to a day in court."[28] However, Rule 4(j) must be strictly construed unless plaintiff can establish

---

[23] *Pierce v. Williams*, 2018 WL 3655863, at *2 (Del. Super. July 31, 2018) (citing *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).

[24] *Id.* (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).

[25] *Id.*

[26] *Pierce*, 2018 WL 3655863, at *2 (citing *Doe*, 884 A.2d at 458).

[27] *DeSantis v. Chilkotowsky*, 2004 WL 1790113, at *1 (Del. Super. July 27, 2004) *aff'd* 877 A.2d 52, 2005 WL 1653640, at *2 (Del. 2005) (Table) (emphasis added).

[28] *Id.* at *2 (citing *Dolan v. Williams*, 707 A.2d 34, 36 (Del.1998)).

good cause for its failure to comply.[29] Good cause under Rule 4(j) is synonymous with a showing of "good faith and excusable neglect"[30] and equates to a showing that there is "some reasonable basis for noncompliance within the time specified in" Rule 4(j).[31] Excusable neglect is defined as "neglect which might have been the act of a reasonably prudent person under the circumstances."[32] In contrast, failure to perfect service as a result of *mistake, inadvertence, or "half-hearted"* efforts does not qualify as excusable neglect.[33] If a plaintiff fails to show "good faith *and* excusable neglect," Rule 4(j) permits one singular result: dismissal without prejudice.[34]

## DISCUSSION

20. This case has presented several issues outside the scope of those which the

---

[29] *Id.*

[30] *Griffin v. Wawa, Inc.*, 2017 WL 3017699, at *2 (Del. Super. July 14, 2017) (citing *DeSantis*, 2005 WL 1652640, at *1; *Dolan*, 707 A.2d at 36).

[31] *Id.* (citing *Dolan*, 707 A.2d at 36 (quoting *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988).

[32] *Id. See also Cohen v. Brandywine Raceway Assoc.*, 238 A.2d 320, 325 (Del. Super. 1968).

[33] *Bank of New York Mellon v. Pearson*, 2017 WL 3616389, at *1 (Del. Super. Aug. 23, 2017) (citing *Wass v. Calloway*, 1996 WL 190020, at *3 (Del. Super. Feb. 21, 1996) (citing *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987)) (emphasis added).

[34] *Griffin*, 2017 WL 3017699, at *2; *see also Dolan*, 707 A.2d at 36; *Huelsenbeck v. Fermin–Jimenez*, 2013 WL 2481533, at *2 (Del. Super. June 7, 2013) ("the court has no option but to dismiss the case" where plaintiff's counsel failed to show "good faith and excusable neglect" for failure to effect service of process)(emphasis added).

Court decides today.[35] However, after considering the parties' arguments and the record in its entirety, the Court finds that despite the good faith efforts of the Plaintiff, her actions do not rise to the level required to establish excusable neglect necessary to grant an enlargement of time. As a result, the Court must deny the Plaintiff's motion, and grant the Defendant's motion to dismiss.

21. As a preliminary matter, the Court finds nothing in the record that would suggest that the Plaintiff has not acted in good faith throughout this litigation. The Plaintiff appears to have fostered the honest belief that an amended praecipe and summons would reset the 120 day service requirement pursuant to Rule 4(j). In spite of this belief, this Court's precedent demonstrates that this belief, albeit in good faith, was in error. As such, the Court finds that the 120 day service requirement pursuant to Rule 4(j) expired on January 23, 2019.

22. This Court has dealt with a similar situation before in *Lynam v. Blue*

---

[35] One such issue is that after the Court's review of the record, the Court finds that the Plaintiff's alias, or amended praecipe filing, on November 7, 2018, was defective. In the alias, the Plaintiff does not offer any change to the Defendant's address, but only inserts the names of the Special Process Server. The Court finds that this is not sufficient and that the alias and summons, based on this representation by the Plaintiff, should never have been issued. The Court also senses that counsel is seeking to boot strap his argument by submitting no support for his position. A communication between a member of his staff, and the Court's staff, and then presenting one of those communications in support of his assertion that the staff member's reply, in some way, confirmed his mistaken belief that an alias and amended summons reset the 120 day clock. *See* Pl. Reply Ex. E. The communication referenced was an email conversation from March 2018, approximately six months before this present action was filed in this Court and makes no reference to the present case, and appears to be taken by the Court's staff as a general question regarding filing deadlines and extensions. The Court is not bound by this conversation to add support to the Plaintiff's position as it does not apply to their case.

*Diamond LLC Motorcross.*[36] In that case, the Plaintiffs filed the Complaint on November 14, 2014.[37] According to Rule 4(j), the Blue Diamond defendants had to be served by March 16, 2015.[38]After several attempts by the Sheriff to serve the defendants at their places of business, the Summons and Complaints were returned *non est inventus* on February 6, 2015.[39] Subsequently, the Plaintiffs filed an Alias Praecipe and Summons on February 20, 2015 and as a result, the Blue Diamond defendants' registered agents were served on March 20, 2015. The Court found that under the facts of this case, the Rule 4(j) 120 day service requirement would be excused.[40] The reasons the Court found to justify excusing Rule 4(j) included: (1) the inability to serve the Defendants at their place of business due to the business being closed;[41] (2) uncommon delays faced by the plaintiffs in dealing with the Prothonotary;[42] and (3) a clerical error made in the Prothonotary's office when it

---

[36] 2015 WL 5968654 (Del. Super. Oct. 12, 2015).

[37] *Lynam,* 2015 WL 5968654 at *3.

[38] *Id.*

[39] *Id.*

[40] *Id. at *4* (The Court notes that this is dicta from Lynam, however, it applies the precise language regarding Rule 4(j) and the case, decided in 2015, is still good law.).

[41] *Lynam,* 2015 WL 5968654 at *3.

[42] *Id.* (In *Lynam,* plaintiffs' counsel contacted the Court to check on the status of service and discovered that although this action was filed by minor plaintiff Lynam's parents, no writs of service would be issued by the Prothonotary until a "next friend" was appointed for him. *Id.* No "Petition for Appointment of Next Friend" was filed contemporaneously with the Complaint, which is the

informed the plaintiff that their amended praecipe had not been filed, when it had in reality timely filed the amended praecipe.[43]

23. The present case is easily distinguished from *Lynam*. In this case, the Plaintiff filed her complaint on September 25, 2018. It is undisputed by the parties that January 23, 2019 was 120 days after the that initial filing. And while it the Plaintiff may have relied on her mistake that the amended praecipe and summons reset the 120 day clock, this belief, arguably in good faith, was the Plaintiff's mistake rather than the Prothonotary's.[44] A mistake, even made in good faith, is not excusable neglect.[45] The present case is further distinguished from *Lynam* because the Defendant has still not been served, nearly 212 days after the complaint was filed. Thus, under the facts presented, the Court can not find good cause based on the Plaintiff's mistaken belief regarding the expiration of the 120 day service requirement pursuant to Rule 4(j).

---

usual procedure when a minor is a plaintiff. *Id.* Referral of a complaint and a petition for appointment of next friend to the assigned judge is apparently the practice of the New Castle County Prothonotary, although not otherwise required by Court rules or statute. *Id.* Plaintiffs promptly filed a "Motion for Appointment of Next Friend" on January 8, and that Motion was granted on January 12. *Id.*).

[43] *Id.*

[44] The Court wishes again to note that the communication between Plaintiff's counsel and the Court's staff was an email conversation in March 2018 that made no reference to the Plaintiff's case. The email was seen by the Court's staff as a general question regarding filing deadlines and extensions. In *Lynam*, the Prothonotary's mistake was relaying information to the Plaintiff regarding the Plaintiff's case specifically, not a general question regarding filing dates.

[45] *See* Supra n.33.

12

24. Additionally, the Plaintiff's attempts to locate the Defendant do not satisfy the Court. In this case, the Plaintiff has repeatedly asserted that she attempted to locate the Defendant through an exhaustive search. The Court finds however, that those efforts were not as exhaustive as the Plaintiff represents.

25. Despite this Court's approval of both a special process server on November 7, 2013 and the amended praecipe and summons on November 13, 2018, the special process server made no further attempts to serve the Defendant until over a month later, on December 19, 2018. Additionally, the special process server did not attempt to serve the Defendant at the address stated on the amended praecipe and summons, i.e., at Enterprise, but rather, he attempted to serve the Defendant at the address originally disclosed at the time of the accident, but suspected to be faulty due to the return of the letter sent by the Plaintiff in March 2017. Repeated service attempts at a faulty address is not a good faith effort.

26. Additionally, and other than the two duces tecums served on Enterprise on April 4, 2019 and Aloft Aero Architects on April 16, 2019 (both between three and a half and four months after the Plaintiff's 120 day service requirement expired), both the Court's docket and Plaintiff's representations at the hearing demonstrate that between December 20, 2018 and April 16, 2019, her efforts were minimal at best, especially in light of the fact that she suspected that the Defendant was a foreigner who may have left the United States. This can not be seen as excusable neglect.

27. Furthermore, after reading the Plaintiff's response and considering their arguments at the hearing, the Court still can not reconcile why: (1) it took

approximately twenty-one months (March 2017 - December 2018) to confirm that the 1676 Hunters Run address was incorrect and (2) there was attempted service at the 1676 Hunters Run address when the Plaintiff was on notice of a possible discrepancy with that address in March 2017. The Court is also puzzled as to why, in light of Plaintiff's counsel suspicions in October 2018 that the Defendant was no longer in the United States,[46] the Plaintiff only filed an amended praecipe and summons, and notably incorrectly, rather than informing the Court of the service issue and/or investigating other possible remedies. Instead, the Plaintiff waited until the Defendant filed his dismissal motion to raise the issue, and even then, the Court noted the Defendant's United Arab Emirates connection only through its due diligence of reviewing the exhibits presented by the Plaintiff.[47]

28. As a result of the Court's thorough examination of the record, the Court finds that the Plaintiff's attempts to find the Defendant also do not rise to the level of excusable neglect needed to demonstrate good cause. Thus, the Defendant's Motion to Dismiss will be granted. Additionally, because the Court has found that the 120 day service requirement expired on January 23, 2019, the Plaintiff should have filed a motion to enlarge on or before that date. Thus, the Plaintiff's Motion for an Enlargement of Time will be denied.

---

[46] At oral argument, Plaintiff's counsel conceded that he thought the Defendant was abroad as early as October 15, 2018, the date the initial summons and praecipe was returned non est.

[47] *See* Pl. Reply (the body of the motion is itself silent as to the Defendant's connection with the United Arab Emirates connection).

14

*Catherine M. Woinski v. Andrew C. Emerson*
C.A. No. K18C-09-027 WLW
May 2, 2019

## CONCLUSION

29. For the reasons stated above, Plaintiff's Motion for an Enlargement of Time pursuant to Superior Court Rules 4(j) and 6(b) is hereby **DENIED**. For those same reasons, Defendant's Motion to Dismiss pursuant to Superior Court Rules 4(j) and 12(b)(5) is hereby **GRANTED**.[48]

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[48] The Court further notes that while this ordinarily would not preclude the Plaintiff from refiling her complaint and the Defendant, it appears to the Court that the statute of limitations has expired in regards to the Plaintiff's claim, meaning that any future filing will also be dismissed pursuant to the applicable statute of limitations provided for in 10 *Del. C. § 8119.*

15