**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1714
_____

PARASTU SHARIFI, An Individual,
                                                    Appellant

v.

TOWNSHIP OF EAST WINDSOR, EAST WINDSOR MUNICIPAL COURT;
EAST WINDSOR POLICE DEPARTMENT; EAST WINDSOR POLICE OFFICER
JOHN CATE; EAST WINDSOR SERGEANT DAVID OLEKSY; COURT
ADMINISTRATOR KELLI HAND; MUNICIPAL PROSECUTOR ROBERT
JANZEKOVICH; NEW JERSEY DIVISION OF CIVIL RIGHTS;
BOROUGH OF HIGHTSTOWN; HIGHTSTOWN MUNICIPAL COURT;
HIGHTSTOWN POLICE DEPARTMENT; HIGHTSTOWN POLICE OFFICER JOEL
TOWNSEND; JUDGE SETH KURS, In his Individual and Official Capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:21-cv-18097)
District Judge: Honorable Zahid N. Quraishi
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 27, 2023

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: December 12, 2023)
_____

_____

OPINION[*]
_____

PER CURIAM

Parastu Sharifi, representing herself, sued the defendants, asserting in her amended complaint that they had violated her civil rights in various ways, including by falsifying traffic violations, failing to arrest her neighbor after he assaulted her, blocking "citizen criminal charges" that she has brought against others, and ignoring her efforts to get relief from "discriminatory experiences." ECF 29 at 4-11. The defendants, in three groups, filed motions to dismiss. Sharifi asked the District Judge to recuse. After denying her request, the District Court granted the motions to dismiss but also granted Sharifi leave to amend her complaint within 30 days of February 23, 2023. Sharifi did not amend within that time. Instead, on April 3, 2023, she filed a short motion for an extension of time "at least until May 31, 2023 for the combination of reasons such as well being and upcoming Jury Duty obligation." ECF No. 47. The District Court denied her request and dismissed her amended complaint with prejudice. Sharifi filed a timely notice of appeal.

In her brief, Sharifi challenges the District Court's decision denying her an extension of time to file another amendment and dismissing her complaint with prejudice. She contends that he gave short shrift to her need for an extension of time for her "well being" and asserts that the order is evidence of the District Judge's bias, particularly when it is

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

compared to rulings on another defendant's motions. She also claims that the District Court made the following errors in deciding the motions to dismiss: 1) ruling with the understanding that she had not opposed two of the motions, Brief at 8; 2) dismissing claims because "she had failed to identify which racial minority she belongs to," id.; and 3) ignoring the facts underlying her claims against a Municipal Court judge, id. at 9 (also suggesting that the District Court applied the doctrine of judicial immunity outside its bounds).

We have jurisdiction under 28 U.S.C. § 1291.[1] We review for abuse of discretion the District Court's order denying the motion for an extension of time and dismissing the amended complaint with prejudice. See Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (explaining that "we accord district courts great deference with regard to matters of case management"); Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008) (explaining that we review dismissals for failure to prosecute for abuse of discretion). To the extent that Sharifi challenges the District Court's denial of her recusal motion, we also review that decision for abuse of discretion. See Butt v. United Bhd. Of Carpenters & Joiners of Am., 999 F.3d 882, 891 (3d Cir. 2021). To the extent that she challenges rulings on the motions to dismiss, our review is plenary. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015).

---

[1] We do not, however, consider issues that Sharifi does not raise on appeal. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

We cannot say that, under these particular circumstances, the District Court abused its discretion in denying Sharifi's motion for an extension of time. Pursuant to the terms of the District Court's order granting leave to file a second amendment under Rule 15 of the Federal Rules of Civil Procedure, Sharifi had to file her amendment within 30 days of February 23, 2023. She did not move for an extension of time until after that period lapsed. Accordingly, the District Court could grant Sharifi's motion for good cause if she had failed to act because of excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). While excusable neglect is a "somewhat elastic concept" and "not limited strictly to omissions caused by circumstances" outside the litigant's control, Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993), Sharifi did not meet her burden to prove it. See Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) ("The burden of establishing excusable neglect is upon the appellant, even one proceeding pro se.") (citation and quotation marks omitted). She provided no explanation for her failure to meet the District Court's deadline.[2] See also Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988) (stating that "[e]xcusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for non-compliance within the time specified in the rules") (cleaned up) (citation omitted).

We do not agree that the ruling on the motion for an extension of time is evidence of the District Court's bias, even though the District Court granted one defendant's motion

---

[2] Absent an explanation for a delay, we discern no abuse of discretion regardless of the whether the District Court should have quoted both "well being" and her then-upcoming jury duty obligation as reasons why she needed two more months to file her second amendment.

to vacate an entry of default and respond to Sharifi's complaint out-of-time. See Secura-comm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."); see also United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (explaining that the entry of defaults and default judgments are disfavored). Relatedly, we do not discern an abuse of discretion in the District Court's decision not to recuse. Although Sharifi asserted that the District Judge refused "to recognize [her] as a legitimate litigator," ECF No. 35 at 2, that assertion is belied by his thorough examination of the claims in her complaint. And, unlike Sharifi, we see no evidence that the District Judge was "putting his finger on the side of the scale that already enjoys the benefit of power and status." Id.

To the extent that the District Court's conversion of the dismissal without prejudice to a dismissal with prejudice after Sharifi's failure to timely amend was a dismissal for failure to prosecute, our review of the decision is

> guided by the manner in which the trial court balanced the following factors ... and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). Although "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits," Emerson v.

5

Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (per curiam), not every Poulis factor need be satisfied, see Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003), and such decisions are given "great deference," Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

While it cannot be said that Sharifi had a history of dilatoriness, she is responsible for her failure to file a second amended complaint, as she proceeded pro se. See Briscoe, 538 F.3d at 258-59 ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . ."). In addition, the defendants were prejudiced because Sharifi's failure to file a second amended complaint frustrated their ability to prepare a defense. See Ware, 322 F.3d at 222. And further adjudication was not possible where she had not filed an amended complaint and, as noted, she did not provide the District Court with a basis for enlarging the time to amend. Cf. In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) (stating, in affirming a dismissal with prejudice after a failure to replead "otherwise viable claims" in compliance with Rule 8, that "it is difficult to conceive of what other course the court could have followed") (citation and quotation marks omitted). Accordingly, to the extent that the District Court dismissed the action for failure to prosecute, we cannot say that the District Court abused its discretion.

Lastly, to the extent that Sharifi challenges aspects of the District Court's earlier order of dismissal, the District Court properly advised Sharifi that, to state a claim under 42 U.S.C. § 1981, she had to allege, inter alia, that she "is a member of a racial minority." Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). Furthermore, the District

6

Court adequately described and assessed her claims against the Municipal Court judge. And, while the District Court did not actually dismiss those claims on the basis of absolute judicial immunity, that ground, raised by the judge, did support the dismissal. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); see also Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (explaining that we may affirm on any basis supported by the record). Lastly, whether or not the District Court erred in believing that Sharifi had not opposed one or more of the motions to dismiss, Sharifi suffered no prejudice, for the District Court explicitly acknowledged the need to analyze the merits of a motion to dismiss regardless of any response, see ECF No. 45 at 5, and then went on to evaluate Sharifi's claims against the defendants' arguments.

For these reasons, we will affirm the District Court's judgment.